[No. 4,282.]

## ISAAC HARTMAN v. AUGUSTIN OLVERA.

CONDITIONAL ORDER SETTING ASIDE A DEFAULT.—If an order is made setting aside a judgment and default on condition that the moving party pay to the other a sum of money, and serve and file an answer within a certain time, the conditions must be complied with within the time fixed, or the judgment will remain in force in the same manner as if the order setting them aside had not been made.

MOTION TO SET ASIDE A DEFAULT.—An application to set aside a default and judgment must be made within five months after the adjournment of the term at which the judgment is entered.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

Action to recover judgment for services as an attorney at law, commenced October 16, 1872. The defendant demurred to the complaint, the demurrer was overruled, and time given to answer. He failed to answer within the time and his default was entered and judgment rendered against him on the 28th day of April, 1873. He moved to set aside the default and judgment on the 9th day of May, 1873, and on the 1st day of November, 1873, the Court made an order setting the same aside on condition that "within two weeks defendant file and serve answer, and pay plaintiff, or the Clerk for plaintiff, the sum of two hundred ($200) dollars." The defendant failed to pay the money within the time, but, on the 22d of December, 1873, deposited it with the Clerk. He also served the copy of an answer, but the Clerk refused to file it. On the 13th of February, 1874, the defendant served notice of a second motion to set aside the judgment and default. On the 19th day of February following, the Court granted the motion on condition that the defendant pay the plaintiff the two

hundred dollars deposited with the Clerk, and the further sum of two hundred and fifty dollars, and file an answer within twenty days. The plaintiff appealed from the order.

*J. W. Tyson,* for the Appellant.

A party cannot move to open a default after five months have elapsed after the adjournment of the term. (Code of Civil Procedure, Sec. 573.) If a party is granted relief on conditions, he must comply with the condition. (*Willink* v. *Renwick,* 20 Cow. 608; *Hoadley* v. *Cuyer,* 10 Wend. 594; *Sands* v. *McClellan,* 6 Cow. 582.) The Court can make the payment of a sum of money a condition precedent to opening a default. (36 Cal. 288; 41 Cal. 21.)

*V. E. Howard,* for the Respondent.

It is questionable whether, under the four hundred and seventy-third section of Code of Civil Procedure, the Court had power to impose any pecuniary conditions beyond the payment of costs.

The opening of a judgment by default is a matter of discretion and not open to a review, except in case of an abuse of discretion. (Freeman on Judgments, Sec. 451; *Woodward* v. *Backus,* 20 Cal. 137; *Bailey* v. *Taaffe,* 29 Cal. 422.)

The order will not be disturbed except in cases of gross abuse.

By the COURT:

The defendant not having complied with the terms upon which the default and judgment had been set aside, both the default and judgment remained in force in the same manner as if the order for setting them aside had not been made.

The second application to set aside the default and judgment came too late, it having been made more than five months after the adjournment of the term at which the judgment had been entered.

Order of February 9, 1874, reversed. Remittitur forthwith.