THE STATE OF MISSOURI *ex rel.* STEPHEN VON PHUL *et al.*, Relators, v. JOHN A. HARRISON, Judge of the Circuit Court, City of St. Louis, and JAMES B. McCORMICK, Respondents.

St. Louis Court of Appeals, March 21, 1893.

1. **Practice, Trial:** CONSTRUCTION OF ORDER VACATING PRIOR DIS-MISSAL OF APPEAL. An order vacating a prior dismissal of an appeal from a justice of the peace, upon the condition of the payment of the costs of the term, allows a reasonable time for such payment when it specifies no time therefor.

2. **Prohibition, Province of.** The question, whether such payment was made within a reasonable time, will not be determined on an application for a writ of prohibition. It is not the office of that writ to correct the erroneous exercise of judicial powers, when the court against which it is asked has jurisdiction, and there is a remedy by appeal.

*Original Proceeding by Writ of Prohibition.*

WRIT DISMISSED.

*Vernon W. Knapp*, for relators.

*O'Neil Ryan* and *E. J. O'Brien*, for respondents.

ROMBAUER, P. J.—The following facts are conceded by respondents' demurrer to the relators' application for the writ. An appeal from a justice in the

cause of McCormick *v.* Von Phul *et al.* was dismissed for want of prosecution by the St. Louis circuit court on March 16, 1891. A motion to set aside the dismissal was at once filed by the appellant, and was sustained at the next succeeding term by the following order entered of record.

"The court, having duly considered the motion to set aside the order of dismissal herein, doth sustain the same on condition that plaintiff pay the costs of the February term, 1891."

The costs were not paid until October 14, 1891, which was at the second term after the vacating order was entered. At the close of each term all matters not finally disposed of were continued by general order to the succeeding term. The cause having been set down for trial after the costs were thus paid, the relators objected to proceeding with the trial, claiming that the circuit court had lost jurisdiction of the case at the close of the April term, 1891, and, upon the court overruling their objection, they applied for this writ.

It is a rule of law applicable to all cases alike that, whenever an act is to be done and no time is fixed for the doing of it, the law implies that it shall be done within a reasonable time. 2 Parsons on Contracts, secs. 661, 794. The order in the case at bar, vacating the judgment of dismissal on condition of payment of costs of the February term, fixed no time for the payment of such costs; the condition was, therefore, satisfied, if the costs were paid within a reasonable time. While an order of that character does not become fully effective until the condition is complied with, there is nothing in the character of the order which would cause its expiration at the end of the term, in the absence of any rule of practice on that subject. The court had unquestioned power to require the payment of costs at once, or at any time thereafter,

whether such time was within the term or not. Upon payment of the costs within a reasonable time, the condition for vacating the order was fulfilled, and the defendant could not thereafter claim that the court had lost jurisdiction of the cause, or that the judgment of dismissal was still in force. *Willis v. The Planters' Bank*, 19 Ala. 141, is directly in point.

In *Hartman v. Olvera*, 49 Cal. 101, the order required the payment of the costs within two weeks. In *Sands v. McClelan*, 6 Cowan, 482, the defendant had leave to plead upon payment of costs. He pleaded without paying costs, and the court held that he could not take a default on a plea thus filed. In *Hoadley v. Cuyler*, 10 Wend. 593, the payment was required to be made within a certain time by rule of court, and, not having been thus made, the party lost the benefit of a conditional order. These cases cited by relators have no application to the facts of this case. *Danforth v. Lowe*, 53 Mo. 217, also cited, simply decides that the court cannot entertain a motion for new trial, filed at a term succeeding final judgment.

If the relators in this case claimed that the costs were not paid within a reasonable time, they should have moved to vacate the entry of reinstatement, which became complete only upon payment of costs on that ground. The relators might also have moved, either before the close of the April term or at any time thereafter, for an immediate payment of the costs, and, in default of their being paid, for a dismissal of the appeal on the ground of the costs remaining unpaid after the lapse of a reasonable time.

We would decline, even in a case where the facts causing or excusing the delay in paying costs were all before us, to pass upon the question *on this writ* as to whether costs were, or were not, paid within a reasonable time, although the parties consented that we might

do so, as they do in this case. It is not the office of a writ of prohibition to correct the erroneous exercise of judicial powers, where the court has jurisdiction of the subject matter and there is a remedy by appeal. *State ex rel. v. Seay*, 23 Mo. App. 623, 630; *State ex rel. Dawson v. St. Louis Court of Appeals*, 99 Mo. 216. As the present case presents nothing but the naked question of law, without any facts touching the propriety of the action of the court, our entertaining the writ would be highly improper.

Demurrer sustained and writ dismissed. All the judges concur.