Roth v. Hax.

FRED ROTH, Defendant in Error, v. GEORGE C. HAX, Plaintiff in Error.

68 283
97 ¹529

Kansas City Court of Appeals, November 23, 1896, and January 11, 1897.

1. **Municipal Corporations:** STREET IMPROVEMENT: GENERAL AND SPECIAL ORDINANCES: SPECIFICATIONS. An ordinance for street improvement, directing the macadamizing to be done in accordance with specifications on file in the office of the city engineer, sufficiently incorporates such specifications in the ordinance and is not void though such specifications are entirely different from specifications in the general ordinance of the city providing for macadamizing.

2. ————: SUNDAY LAW: PUBLICATION NOTICE TO LET CONTRACT. Publication of notice that the contract for macadamizing streets of a city would be let on a given day, is not bad because the first insertion of such notice appeared in a Sunday paper.

*Error to the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Jas. F. Pitt* for plaintiff in error.

(1) In the event of the death of the engineer nothing could have been found in his office to answer the call of the ordinances for plans and specifications. He did not even communicate to the council his intention to adopt the St. Joseph avenue specifications. *Becker v. City of Washington*, 94 Mo. 375; *Galbreath v. Newton*, 30 Mo. App. 380. Those two cases suggest the limit to a rule which at best is a perpetual menace. (2) Sunday can not be counted as a publication day. While it is and may be counted as a day in the computation of statutory time, as was done in *Bank v. Stumpff*, 73 Mo. 311; *Clapton v. Taylor*, 49 Mo. App. 117; and *City ex rel. v. Landis*, 54 Mo. App. 315, still it has not been in those cases, nor in any case cited in them, held that Sunday was a day upon which a legal notice might be lawfully published. The publication here is to be treated as though the requirement had been to advertise for a single day only and the officer had selected Sunday upon which to do it. In such case the notice would be unquestionably bad. *Ormsby v. Louisville*, 79 Ky. 197; *Shaws v. Williams*, 87 Ind. 158; *Smith v. Wilcox*, 24 N. Y. 353; *Scammon v. Chicago*, 40 Ill. 146. The personal views of a member of this court, expressed on the motion for rehearing in *City v. Elliott*, 47 Mo. App. 424, intimate what is

conceived to be the true source of our own statute; and, if it is not violated by public officials performing their duties on Sunday, then in the eyes of a Christian people that statute is a farce. (3) By the refusal of defendant's third instruction, to the effect that the contract was void for not conforming in its specifications to the general ordinance, and at the same time submitting to the jury by defendant's fifth, the validity of the ordinance ordering the work, the trial judge at least committed himself to the proposition that the ordinance ordering the work might be void. It was his duty to have declared it void, and defendant's first instruction should have been given on that ground alone. (4) The judgment must be reversed for being excessive. The aggregate amount of the bills sued on was $498.94 and they had run from December 30, 1892, to January 15, 1894, twelve months and fifteen days, at ten per cent. The true amount would be $550.90 and the verdict was for $629.83.

*Brown & Pratt* and *R. A. Brown* for respondent.

(1) It was not necessary that the plans and specifications should have been embodied in the ordinance. It was sufficient that they were referred to as being on file in the city engineer's office. *Stone v. Cambridge*, 6 Cush. 270; *Becker v. City of Washington*, 95 Mo. 375; *Galbreath v. Newton*, 30 Mo. App. 380. (2) The publication of notice of letting contract was all right. *Smith v. Wilcox*, 24 N. Y. 353; *Scammon v. Chicago*, 40 Ill. 146; *Glover v. Cheatham*, 19 Mo. App. 656; *Moore v. Clymer*, 12 Mo. App. 11, 16; *Haufman v. Ham*, 30 Mo. 387; *Roberts v. Barnes*, 127 Mo. 405; *Said v. Stromberg*, 55 Mo. App. 438.

Gill, J.—This is a suit for the enforcement of certain special tax bills for grading and macadamizing

a portion of Eleventh street in the city of St. Joseph. The defenses, in the words of defendant's counsel, are, "*first*, that the ordinances ordering the work were invalid, for the reason that they directed it to be done 'in accordance with the specifications therefor on file in the office of the city engineer,' when, in fact, as defendant claims, no such specifications were on file at the time of the passage of such ordinances; *second*, that the advertisement for bids was insufficient, in that the engineer was required 'to advertise for five days,' and his notice was first published on Sunday, July 24, 1892, in the *Daily Herald*, which had no Monday issue, and the notice was not published that day; but on Tuesday following, July 26, it came out, and was published in each issue afterward, up to and including Saturday, July 30, the day upon which the bids were to be opened, and upon which it appears that the contracts were let; it being contended that the first valid publication was on Tuesday, which would make the time a day short, and therefore that the engineer was without jurisdiction to charge defendant's property; and, *third*, defendant set up two ordinances taken from the general ordinances of the city, which respectively provided how and with what material, etc., grading and macadamizing should be done when ordered by the council. These provisions are substantially different from those named, at least in the contract let for macadamizing, and it is contended that, conceding that ordinance to be valid as a mere order to do the macadamizing, and that the engineer had power under the notice to award a contract, still he was without authority to let such a contract as that in evidence, since it materially and substantially departs from the general ordinance on that subject." There was a trial by jury, resulting in a verdict and judgment for plaintiff, and defendant appealed.

I.  The first and third points, as above quoted from defendant's brief, may be disposed of together. The ordinances providing for grading and macadamizing the street in question, directed that the work be done according to the specifications therefor then on file in the city engineer's office.  The substance of defendant's attack is that there was not at that time on file in the engineer's office any plans and specifications for this particular work, but that there was a *general* ordinance declaring how macadamizing should be done, and that the contract for this work was not in accordance with such general specifications.  Conceding the fact last stated, that there was such general ordinance, and that the contract for this work, as well as the work itself, did not comply with the specifications in such general ordinance, and yet there is no merit in defendant's contention.  The ordinance

MUNICIPAL corporations: street improvement: general and special ordinances: specifications.

directing this macadamizing ordered that it be done "in accordance with the specifications therefor on file in the office of the city engineer."  And there was abundant evidence tending to prove that before this ordinance was passed the city engineer prepared special specifications for this particular work, and that they were on file in his office at the passage of the ordinance.  The testimony of Campbell, the city engineer, is of itself sufficient to support this conclusion.  The law, too, is well settled that it is not required that the plans and specifications be incorporated in the body of the ordinance; it is sufficient if they be lodged in the proper city office and be referred to in the body of the ordinance.  Such specifications thereby become a part of the ordinance.  *Galbreath v. Newton*, 30 Mo. App. 380.

II.  The tax bills are further assailed on the alleged ground that the city engineer failed to give such notice for bids as was directed by the city council.

The ordinance providing for the work required the city engineer to "advertise for five days for proposals for doing the work ordered by this ordinance." From the evidence it seems that the engineer prepared and dated his advertisement Saturday, July 23, 1892, and that it appeared first in the paper doing the city printing on Sunday, July 24, that said paper was not published Monday, and that the advertisement was then found in the paper of Tuesday, Wednesday, Thursday, Friday, and Saturday, the last being the date when the contract was let.

I take it that the publication on Saturday, the date of the contract, should not be counted, for the evident meaning of the ordinance was that the five days' advertising should have passed before the day when the contract should be let. Unless the publication of Sunday shall be deemed an advertising for bids as required by the ordinance, then the notice was only given for four days and the command of the council was not followed. It seems to be the contention of defendant's council that the insertion of this public notice in the Sunday's paper was illegal and void, as it ——: Sunday law; publication notice necessarily involved the performance of to let contract. work or labor on Sunday, and therefore prohibited by our Sunday law. In support of this, counsel has cited *Smith v. Wilcox*, 24 N. Y. 353, and some other authorities based on the New York case.

We find, however, a decision by our own supreme court that sustains the advertisement in question. *Sheffield v. Balmer*, 52 Mo. 474. There the defendants were sued for the publication of an advertisement inserted as per contract in the Sunday edition of the St. Louis *Home Journal*. The defense was that the contract called for the performance of labor on the Lord's day in violation of the statute. The court said: "The contract sued on does not require the plaintiffs, either

expressly or by necessary inference, to violate this statute. It is not required that an hour's work shall be performed on Sunday. The advertisement is required to be published in the weekly (Sunday) edition of the paper every Sunday. Now this may all be done, and the contract be completely performed without violating the law by performing labor on Sunday in the least degree; and if the contract can be performed without any violation of law, then it is only a natural and legal presumption that it will be so performed, or at least there is no legal presumption that it will not be so performed.'' The decision in *Smith v. Wilcox*, (N. Y.) was urged as an authority before the supreme court in the case just referred to, but was not followed.

In the case at bar there was no testimony whatever that any of the labor in setting up or printing the engineer's advertisement was performed on Sunday. The only evidence adduced was the mere production of a copy of the Sunday *Herald* which contained the notice. We will not therefore assume that any work or labor involved in advertising for bids was performed on Sunday, but the contrary presumption will be indulged.

The further point is made that the verdict and judgment was excessive; that the amount due on the tax bills was $498.94 with interest at ten per cent from December 30, 1892, and which at the date of the verdict and judgment amounted to $550.90 and no more; whereas the verdict and judgment rendered was for $629.83, or $78.93 in excess of the proper sum. This error the plaintiff confesses. The judgment therefore will be reversed and the cause remanded with directions to the lower court to enter a judgment for the proper amount, which will be $498.94 with interest added at the rate of ten per cent per annum from December 30, 1892, to date of judgment now to be entered. All concur.