F. E. HALSEY, Respondent, v. MARIA C. RICHARD-
SON, Appellant.

**Kansas City Court of Appeals, November 1, 1909.**

1. **CITIES: Taxbills: Prima Facie Case.** Taxbills issued against
property owners for municipal improvements, if regular in
form, make a prima facie case against an owner of the property

2. ————: **Street Improvements: Performance: Reasonable Time.**
A street improvement ordinance is not fatally defective be-
cause it fails to state the time within which the work must be
done, as it would be construed to require completion in a rea-
sonable time.  •

3. ————: ————: **Repairs.** In an assessment for the improve-
ment of a street, it was proper to include the cost of work
performed on the sidewalks, curbings and gutterings on the
theory that such work constituted repairs chargeable to the
city.

4. ————: **Taxbills: Delegation of Power.** Taxbills are not in-
valid because the contract attempted to delegate to the City
Engineer the exercise of the Legislative power of prescribing a
time for the completion of the work, where it did not give
him the right to postpone the giving of notice arbitrarily, fraud-
ulently or without reasonable cause.

Appeal from the Buchanan County Circuit Court.—
*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*H. K. White* for appellant.

(1) The ordinance authorizing the work referred
in two sections to the specifications on file in the en-
gineer's office. · The undisputed evidence of Engineer
Rackliffe, shows that the contract and specifications on
file at the time of the passage constituted one document
and that after the passage of the ordinance bidders bid
with reference to this entire document, and it was
therefore a part of the ordinance. Barber Asphalt Co.
v. Ullman, 137 Mo. 543; Galbraith v. Newton, 30 Mo.

App. 350; Roth v. Hax, 68 Mo. App. 283. (2) The clause giving the engineer power to determine at will when the contractor should commence this work, was an attempted delegation of legislative power and rendered the ordinance void. R. S. 1899, sec. 5661. McQuiddy v. Brannock, 70 Mo. App. 546, 547; see authorities cited. (3) If it be ruled that the contract was not incorporated in the ordinance, the ordinance must be construed to require the work to be done in a reasonable time, and the clause of the contract relating to the time of commencement and completion of the contract must yield to the ordinance. R. S. 1899, sec. 5661. (4) The extension ordinance pleaded and in proof was unavailing. First. The time for doing the work had expired when it was passed. Second. Assuming that the time had not passed, the ordinance was not passed till more than seven days after the notice by the engineer. Hund v. Rackliffe, 192 Mo. 312; Ayres v. Schmohl, 86 Mo. App. 349.

*Charles F. Strop* and *Eugene Silverman* for respondent.

(1) Where the ordinance does not specify the time for the performance of the work, performance within a reasonable time is sufficient, and the taxbills are valid. Allen v. Labsap, 188 Mo. 692; Heman v. Gilliam, 171 Mo. 258; Hilgert v. Paving Co., 107 Mo. App. 398; Curtice v. Schmidt, 101 S. W. 61; Schibel v. Merrill, 185 Mo. 534. (2) And the question as to whether the contractor has completed the improvement within a reasonable time is one of fact, to be determined by the attending circumstances. Hilgert v. Barber Asphalt Paving Co., supra; Lapsley v. Howard, 119 Mo. 489; State v. Harrison, 53 Mo. App. 346. (3) All intendments are in favor of the judgment. The court, by sustaining the taxbill, found that the work was completed within a reasonable time. James v. Life Ass'n, 148 Mo. 16; Cohn v. Kansas City, 108 Mo. 387; Arnold v. Cason, 95 Mo.

App. 426; B. & L. Ass'n v. Grocer Co., 82 Mo. App. 245.
(4) The provisions of this contract plainly indicate
that time was not of the essence of the contract. The
provisions in similar contracts providing for a penalty
for failure to complete within the stipulated time has
frequently been held to mean that time was not of the
essence. The sixth clause of the contract in question,
and which is shown on page two of this printed record,
provides that it requires the action of the common coun-
cil to annul or terminate the contract for failure to
complete it within the time specified and hence on prin-
ciple the cases cited under Point I are decisive of this
case. (5) And in no case is time of commencement an
essential element of the contract, but the time of com-
pletion constitutes the essential element. Merine v.
Paving Co., 103 S. W. 508. (6) Clauses similar to
clause ten of this contract have been before our courts
numbers of times, without question, and in at least one
case, expressly upheld. Curtice v. Schmidt, 101 S. W.
61; Allen v. Labsap, 188 Mo. 696; Heman v. Gillian, 171
Mo. 265.

JOHNSON, J.—Action to enforce the lien of two
special taxbills issued in part payment of the cost of
certain improvements made on Eighth street in the city
of St. Joseph. Each bill was made the subject of a count
in the petition; the cause was heard by the court with-
out a jury; judgment was rendered for plaintiff on each
count for the full amount demanded, with interest, and
defendant appealed.

It is conceded that the taxbills, being regular in
form, are sufficient to make out a *prima facie* case in
favor of plaintiff, but their validity is attacked on sev-
eral grounds in the answer and proof adduced by de-
fendant. The improvement in question was made pur-
suant to a special ordinance passed by the city council
on April 12, 1900, and entitled: "An ordinance to pro-
vide for the subgrading, paving, curbing, guttering and

laying of sidewalks on Eighth street, from the south line of Olive street to the south line of Mitchell avenue." The ordinance contains no reference to the time of the beginning or completion of the proposed work nor does it contain the details or specifications. It does provide that the improvement shall be made "in accordance with the specifications therefor on file in the office of the city engineer." No point is made that the specifications were not on file at the time of the passage of the ordinance, but one of the defenses we shall presently notice is based on the fact that attached to them and, therefore, on file, was the form of the contract afterward entered into between plaintiff and the city. Among the stipulations of this contract, which was signed by the parties on May 29, 1900, are the following, which appear under the head of "Duties and Responsibilities:"

"9. The first party (the contractor) shall not be entitled to any claim for damages for any hindrance or delay from any cause whatever, in the progress of the work or any portion thereof; but such hindrance may entitle said first party to an extension of the time for completing this contract sufficient to compensate for the detention, the same to be determined by the city engineer, provided he shall have immediate notice in writing of the cause of detention."

"10. The work embraced in this contract shall be commenced within one week after written notice so to do shall have been given to the contractor by the city engineer, carried on regularly and uninterruptedly with such force of men as to insure its full completion within three months thereafter; the time of beginning, rate of progress, and time of completion being essential conditions of this contract."

Under the head of "General Stipulations" is this provision: "If said work shall not be begun when, where, and as ordered by the city engineer, or if the rate at which said work shall be performed shall not, in the judgment of the city engineer, be such as to insure its

progress and completion in the time and manner herein stipulated, or if said work shall be wholly or in part improperly constructed, or in case the contractor shall from any cause abandon the work and cease to prosecute the same, then the city engineer shall certify the facts to the common council and the common council shall have the power to declare the contract forfeited, either as to a portion or the whole of said work, and to, at any time, relet the same, or order the reconstruction of the work, in whole or in part if improperly done."

On the 5th of December, 1900, the engineer, for the first time, notified plaintiff in writing "to commence work within seven days upon the contract between you and the city of St. Joseph for paving Eighth street from Mitchell avenue to Olive street (Ordinance No. 2619) and to finish the same according to contract." December 18, 1900, the city council passed a special ordinance (No. 2935) extending the time for the completion of the work for a period of five months and on April 15, 1901, passed another ordinance further extending the time for a period of four months. The work was completed within the period prescribed in the last ordinance mentioned, was accepted by the city, and the taxbills in payment of the cost thereof, were issued October 2, 1901, and delivered to plaintiff.

The long delay in the performance of the contract after it was made and approved by the city is the foundation of the attack against the validity of the proceedings. To free himself from the imputation of fault on account of this delay, plaintiff introduced evidence which tended to show that very shortly after the contract was ratified, he began its performance by making brick, taking out guttering, resetting the curb and breaking rock for foundation, but could not proceed beyond the preparatory stage because of the failure of the city engineer to lay out the work and set stakes for his guidance. Further, it was shown that plaintiff was directed by the city engineer not to proceed with the paving of

139 App—11

the street until after the street railway company had reconstructed its tracks thereon and that on account of its inability to obtain new rails from the manufacturers, the company was delayed in prosecuting the work of relaying the tracks and bringing them to the proper grade. These obstacles in the way of plaintiff continued for some time after the engineer served notice on him to proceed with the performance of the contract. Plaintiff still was unable to obtain the services of the engineer to give him the necessary grade stakes and the street railway company could not and did not perform its task until the following spring. Cold weather set in shortly after December 5th and the ground became frozen to an extent preclusive of the doing of any grading. Such was the situation when the first ordinance was passed which extended the time. When the second ordinance was passed in the following April, the engineer and street railway company were still in default in the respects related. In short, the evidence of plaintiff casts the entire blame for the delay on the city and the issue of fact thus raised was resolved by the court in favor of plaintiff.

Defendant's evidence tended to show that sixty days afforded a reasonable time for doing the work, while that of plaintiff was to the effect that three months would have been required had plaintiff been given the opportunity of prosecuting the work without hindrance from the city.

Since the evidence introduced by plaintiff on these controverted issues of fact is substantial, no reason exists for interference on our part with the findings of the trial court on which, it is evident, the judgment for plaintiff was founded. As far as it may be material, we shall assume as established the fact that plaintiff in no wise was remiss in the performance of his contract but was retarded solely by the acts of the city and, from this standpoint, shall consider the questions of

law presented by the learned counsel for defendant in support of his contention that the taxbills should be declared invalid.

It is argued that though the ordinance which authorized the improvement is silent on the subject of a time limit, the fact that it specifically referred to specifications on file to which, at the time, a form of contract was attached, made the stipulations contained in that form which related to the time in which the work was to be begun and completed a part of the ordinance itself. Consequently, that the ordinance should be held to have made time of the essence of the proceedings and should be pronounced void because it attempted to delegate to the engineer the purely legislative function of fixing the time when the contractor should begin work. In support of this argument, we are cited to Barber Asphalt Co. v. Ullman, 137 Mo. 543; Galbraith v. Newton, 30 Mo. App. 350; Roth v. Hax, 68 Mo. App. 283; McQuiddy v. Brannock, 70 Mo. App. 535. In these cases, the rule is declared that where the ordinance providing for the improvement omits specific mention of the details thereof and refers to plans and specifications on file for information respecting such details, the plans and specifications actually on file at the designated place become a part of the ordinance to the same extent and with the same effect as though they had been literally copied therein. But it does not follow from this rule that the adoption in this manner, of specifications, should be treated as the incorporation in the ordinance of such extrinsic matter as a form of contract from the mere fact that such form has been attached to the specifications. Had the city intended to embody in the ordinance the stipulations and conditions appearing in such form of contract, it hardly would have contented itself with a reference only to the specifications, but would have referred also to the form of contract on file. The attachment of a form of contract amounted to nothing more than the expression by the

city of an intention to employ that form in the prepara-' tion of a contract it would make with the successful bidder, but until the contract was executed by the parties, the form was but so much paper and did not operate to impose contractual obligations on either party. Neither by provision appearing on its face, nor by reference to the specifications on file, does the ordinance before us state a time limit.  This omission does not invalidate the proceeding but, under the rule adopted by the courts of last resort in this State, it requires us to construe the ordinance as containing the implied provision that the improvement must be completed within a reasonable time.    [Allen v. Labsap, 188 Mo. 692;' Heman v. Gilliam, 171 Mo. 258; Hilgert v. Barber Asphalt Paving Co., 107 Mo. App. 385; Curtice v. Schmidt, 202 Mo. 703; Schibel v. Merrill, 185 Mo. 534; Jacques v. Middlesex Co., 201 Mo. 211.]    Beyond the requirement that the work must be completed within such time, the ordinance does not make time essential nor is there anything in the contract made by the parties indicative of an intention to depart in any respect from the ordinance.   The stipulations of the contract are similar in effect to those considered by the Supreme Court in Allen v. Labsap, Heman v. Gilliam and Curtice v. Schmidt, *supra.*   In the first of these cases, it is said "in the absence of a city ordinance requiring the work to be completed within a definite time and in the presence, as here, of a contract provision specifying a definite time for the completion of the work, followed by other provisions, to which effect must be given, providing for deductions from the money due the contractor on a failure to complete the work within that time, the views of this court on full consideration have come to be that if the work is completed within a reasonable time, the taxbills are not void.   (Citing cases.)   No sufficient reason is suggested why the reasoning of these cases is unsound, nor why the doctrine should not be regarded as settled under the rule of *stare decisis,* and we accord-

ingly hold the question no longer an open one in this State."

As in that case, the contract in the present instance contemplates and makes provision for the contingency of excusable delay in the completion of the improvement, and we must hold that under both ordinance and contract, plaintiff had a reasonable time in which to do the work; and, further, that the question of whether he completed the improvement within a reasonable time is one of fact to be solved by the trier of fact in the light of the surrounding circumstances. [Hilgert v. Paving Co., *supra;* Lapsley v. Howard, 119 Mo. 489; State v. Harrison, 53 Mo. App. 346.] The parties themselves stipulated in the contract that a period of three months from the reception by plaintiff from the engineer of notice to proceed would afford a reasonable time. The trial court found this estimate to be approximately correct and the finding, we think, is supported by evidence. In the absence of any showing that the delays, occasioned by the failure of the engineer to set grade stakes and of the street railway company to replace the rails of its tracks, were the result of a collusive understanding or agreement to which the contractor was a party, the time consumed by such delays should not be computed as time wasted by the contractor. [Curtice v. Schmidt, *supra.*] It clearly appears that he was ready and willing to proceed with the work immediately on the ratification of the contract and would have been able to complete it in the time specified but for the fault of the city. It would be extremely unjust to punish him, not for any breach on his part of any contractual obligation or duty, but for the neglect of the other party to the contract.

What we have said necessarily leads to the conclusion that the taxbills should not be held invalid on the ground that the contract attempted to delegate to the city engineer the exercise of the legislative power of prescribing a time for the completion of the work.

In Allen v. Labsap, *supra,* the contract contained the stipulation: "The work embraced in this contract shall be begun within one week after written notice so to do shall have been given to the contractor by the street commissioner." A similar stipulation appears in the contract considered in Heman v. Gilliam, *supra.* In neither case did the Supreme Court consider such provision as an attempt to delegate a legislative duty, and we are of opinion that it should not be construed as an attempt to delegate authority to the engineer to delay the initiation and completion of the improvement beyond a reasonable time from the approval of the ordinance. Obviously, its purpose was to invest the engineer with sufficient supervisory authority to enable him to expedite the prosecution of the work in order that its completion might not be retarded beyond the time contemplated by the ordinance. It did not give him the right to postpone the giving of notice arbitrarily, fraudulently or without reasonable cause. In this view, the stipulation under consideration cannot be said to evince an effort to invest a city officer with the right to exercise a legislative power.

We do not find in the record that the provisions of this stipulation (No. 10, under head of Duties and Responsibilities) appeared anywhere in the specifications on file to which the ordinance authorizing the improvement referred and, therefore, as we have shown, the ordinance did not, by reference to the specifications, either make time of the essence of the contract or attempt to delegate a legislative function to the city engineer.

The trial court properly held the taxbills valid.

Point is made that it was improper to include in the assessment the cost of the work performed under the ordinance and contract on the sidewalks, curbing and guttering, for the reason that such work was in the nature of repairs and, as such, was chargeable to the city. We had this precise question before us in the

case of Rackliffe v. Duncan, decided at this term, and, for the reasons stated in the opinion in that case, must rule the point against defendant.

. The judgment is affirmed.

ELLISON, J., does not agree that the record shows the facts, in several material respects, to be as stated by us and, therefore, dissents.