## MONLLOR & CO. *v.* HUTCHISON, DISTRICT JUDGE.

### APPLICATION for Writ of *Certiorari.*

#### No. 96.—Decided November 15, 1912.

APPEAL—PROCEDURE—NOTICE—JUDGMENTS BY DISTRICT COURTS IN APPEALS FROM MUNICIPAL COURTS.—Rule 34 of the District Courts should be construed in harmony with Act of March 11, 1908, which is the law in force on the subject. In accordance with said law a judgment rendered by a district court before the expiration of the ten days specified in said Rule 34 by virtue of a trial held in the absence of one of the parties is not absolutely null especially when it appears, as in the case at bar, that the case was entered on the calendar, that a date was set for its trial, that the plaintiff had counsel since the trial in the municipal court and that said attorney was served with notice of the appeal.

JUDGMENTS—SETTING ASIDE JUDGMENTS—CONDITIONAL ORDERS—DISCRETION OF COURT.—An order setting aside or refusing to set aside a judgment under the powers conferred on courts by section 140 of the Code of Civil Procedure, lies in the discretion of the court and the judge may impose conditions such as the payment of the costs incurred in setting aside a judgment.

ID.—CONDITIONAL ORDERS—NON-COMPLIANCE WITH CONDITIONAL ORDER—REVOCATION OF CONDITIONAL ORDER.—When a condition imposed by a court in setting aside its own judgment is not complied with by the party on whom it was imposed, the court has the power to revoke the order thus reestablishing the former status of the case.

The facts are stated in the opinion.

*Mr. E. P. Gibson* for petitioner. ,

MR. JUSTICE DEL TORO delivered the opinion of the court.

Monl'or & Co. brought an action in the Municipal Court of Salinas against Cordero & Torres to recover $428, and for the purpose of securing the effectiveness of such judgment as might be rendered they caused an attachment to be levied on certain chattels and provisions, found in a commercial establishment. While the suit was at this stage Rosendo

Ocasio instituted intervention proceedings claiming the property attached, which proceedings were decided against Ocasio and in favor of Monllor & Co. in a judgment rendered by the municipal court on October 11, 1911. Ocasio took an appeal to the District Court of Guayama. Notice of the appeal was served on E. P. Gibson, attorney for Monllor & Co. The records were filed in the district court on November 15, 1911. The case was set on the docket and the trial was held on November 21, 1911, in the absence of Monllor & Co. Ocasio presented evidence and the court decided the intervention proceedings in his favor and hence against Monllor & Co. This firm on November 24, 1911, filed a motion through its counsel requesting the court to set aside the judgment rendered in pursuance of the powers conferred upon it by section 140 of the Code of Civil Procedure, alleging as grounds the fact that they had no knowledge that the trial was set for November 21. The petition was accompanied by a number of affidavits and was granted by the district court under the condition that Monllor & Co. should pay the costs incurred amounting to $60, and furnish bond for $100. An appeal from this decision, which was rendered on December 4, 1911, was taken by Ocasio to this court and the appeal was dismissed on May 24, 1912, for lack of jurisdiction.

The case having been remanded to the district court, Ocasio filed a motion on October 14, 1912, requesting the court to set aside the order issued on December 4, 1912, on the ground that Monllor & Co. had failed to comply with the condition imposed upon them. Ocasio's motion was opposed by Monllor & Co., who alleged that they were not under obligation to comply with the condition imposed by the court because the court had no power to impose it, and so the court on October 22, 1912, set aside its conditional order and left its former judgment in force.

Monllor & Co. then came to this court and filed a petition for a writ of *certiorari*. The writ having been issued the

hearing was held on November 11, 1912, but the parties failed to appear. The facts which we have stated are set forth in the petition for the writ of *certiorari* and in the original records sents up by the district court in compliance with the writ issued.

As a basis for the contention that the district court had no power to issue a conditional order the petitioners allege that the records of the municipal court having been filed in the district court on November 15, 1911, the trial of the case could not be held on the 21st of the same month because it would have been contrary to the provisions of the last paragraph of rule 34 of the district court, which says: ''This court shall proceed to pass upon and decide the case at any time after ten days from the receipt of the record from the court below.'' The petitioners claim that it was the duty of the court to set aside the judgment rendered without imposing any conditions upon them.

Said rule 34 was approved in the year 1904, at which time there was no provision in the law relative to appeals from judgments rendered by the municipal courts in civil cases. On March 11, 1908, a law relative thereto was enacted providing that when an appeal is taken from a judgment rendered by a municipal court in a civil case ''the district court shall place the cause on the calendar of civil actions to be heard in due course according to the provisions of law and judicial rules controlling such calendar.'' (Acts of Porto Rico, 1908, p. 168.)

Said Act of March 11, 1908, is the law in force in cases of this kind and rule 34 should be construed in harmony therewith. So construed, it cannot produce the absolute nullity of a judgment rendered prior to the 10 days fixed by the rule in a trial held in the absence of one of the parties, especially when it appears, as it does appear in this case, that the case was entered and set for trial on the calendar, that the complainant was represented by counsel from the time the case

was heard in the municipal court, and that said counsel was served with a notice of the appeal taken.

The judgment of November 24, 1911, was not therefore void *per se* but voidable in the discretion of the court in the exercise of the power which in the interest of justice is conferred upon it by section 140 of the Code of Civil Procedure.

An order setting aside or refusing to set aside a judgment rendered by default rests upon the legal discretion of the court, which discretion should be exercised in accordance with law. (*McGowan* v. *Kreling,* 117 Cal., 31; *Morton* v. *Morton,* 117 Cal., 443.)

In exercising its discretion to set aside a judgment it is quite clear that it is within the power of the court to impose, as it has in this case, the payment of the costs incurred as a condition.

"In opening a default, terms and conditions ought generally to be imposed, which should be more or less severe, as the circumstances seem to warrant." (*Watson* v. *San Francisco and Humbolt Bay R. R. Co.,* 41 Cal.,17.)

Payment of costs incurred by the adverse party when the application is filed should be imposed as a condition precedent to setting aside the judgment by default. (*People* v. *O'Connell et al.,* 23 Cal., 282, and *Heerman* v. *Sawyer,* 48 Cal., 562.)

And if the condition imposed is not complied with, as it was not complied with by Monllor & Co., it is very clear also that the court may withdraw its concession and restore matters to their former condition, as was done by the District Court of Guayama in this case.

When the conditions imposed are not complied with the judgment will remain in force in the same manner as if it had not been set aside. (*Hartman* v. *Olvera,* 49 Cal., 101.)

Inasmuch as it does not appear that the District Court of Guayama committed any error either of jurisdiction or of procedure the writ of *certiorari* issued by this court should be vacated and the records remanded to the court where the

case originated so that it may continue the proceedings in accordance with law.

*Application denied.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.