EX PARTE PLATA, PETICIONARIO Y APELANTE, Y EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *habeas corpus.*

No. 813.—Resuelto en marzo 27, 1915.

CORTE—QUIÉNES LA CONSTITUYEN.—La cuestión común y esencial en todas las cortes es que haya un juez o jueces, y esto es tan esencial que se les designa

con el nombre de corte para diferenciarlos de los funcionarios secundarios o subordinados.

FUNCIONARIOS MINISTERIALES—SECRETARIOS Y MÁRSHALS.—Los secretarios y márshals son funcionarios ministeriales, y en manera alguna necesarios a la existencia de una corte.

ID.—AUSENCIA DE FUNCIONARIOS MINISTERIALES EN LA VISTA DE UNA CAUSA.— El mero hecho de que estuvieran ausentes de la vista de una causa el secretario y márshal, no invalida el procedimiento, mucho más cuando, como acontece en este caso, el acusado tuvo su día en corte y no ha demostrado que se le privara de ningún derecho sustancial o que fuera perjudicado en forma alguna por no estar presentes dichos funcionarios, ni formulado entonces objeción, ni llamado la atención de la corte sobre el particular.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Leopoldo Tormes.*

Abogado del Pueblo: Sr. *Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante acudió a la Corte de Distrito de Ponce en solicitud de un auto de *habeas corpus* alegando como fundamentos de su petición que había sido juzgado y declarado culpable por la corte municipal, no encontrándose presentes el secretario y el márshal de dicha corte; que estando compuesta dicha corte del juez, secretario y márshal es un requisito previo e indispensable para la existencia de la referida corte la presencia de estos dos últimos funcionarios, y por tanto que los procedimientos que tuvieron lugar ante el juez actuando sólo fueron nulos desde su comienzo.

La corte sentenciadora procedió correctamente al ordenar que el peticionario volviera a la custodia del alcaide. El apelante funda únicamente su derecho en la Ley de 1904 reorganizando el sistema judicial, en la legislación subsiguiente referente a las cortes municipales, así como en las diferentes definiciones acerca de lo que es una corte, consignadas en el tomo 11 de Cyc., página 652, y casos citados en el mismo. Ni las leyes ni la obra citada, ni los casos a que se hace referencia sostienen su alegación, sino que más bien se muestran en sentido contrario.

"La cuestión común y esencial en todas las cortes es que haya un juez o jueces—esto es en verdad tan esencial que a éstos hasta

se les designa por el nombre de corte para diferenciarlos de los funcionarios secundarios y subordinados; 3 Ind., 239; 53 Mo., 173; véase 19 Vt., 478. Las cortes de registro están también provistas de un funcionario archivero, conocido indistintamente por secretario, protonotario, registrador, etc., mientras que en todas las cortes hay consultores, abogados, o funcionarios semejantes reconocidos singularmente como personas adecuadas para representar a las partes a las cuales afecta realmente el caso, que son consideradas como funcionarios de la corte y auxiliares de los jueces, en unión de un sinnúmero de funcionarios ministeriales, tales como márshals, ministriles, alguaciles, alguaciles de vara, anunciadores; etc.'' 1 Bouvier's Law Dictionary, 452.

''Con frecuencia dispone el estatuto que el márshal de un condado deberá estar presente en las sesiones de ciertas cortes. Donde esta prescripción ha sido interpretada como directiva, su presencia no es necesaria al organizarse y continuar el tribunal.'' 11 Cyc., 739.

''Un secretario de una corte es un funcionario de una corte de justicia que está a cargo de la parte mecánica de su tramitación, que guarda los expedientes y sello de la misma, expide mandamientos, registra sentencias y resoluciones, libra copias certificadas de los documentos, etc. Si bien el cargo de secretario de una corte a veces está revestido de ciertos atributos judiciales, es esencialmente ministerial, y en manera alguna necesario a la existencia de una corte.'' 7 Cyc., 196.

''El secretario de una corte de justicia, usando el término como título de determinado funcionario, es un empleado ministerial de la corte, que tiene la custodia de sus expedientes y sellos, con facultades para certificar con respecto a la fidelidad de las transcripciones de dichos expedientes, y con poder para ejecutar ciertos actos de carácter judicial que son incidentales a sus deberes ministeriales.''

\*   \*   \*

''Las cortes son uniformemente de opinión de que el cargo de secretario de una corte de justicia es ministerial y que no lleva consigo facultad judicial alguna excepto en las casos determinados en los preceptos constitucionales o legislativos.'' 5 R. C. L., 620, 626.

De las anteriores consideraciones se {desprende que el mero hecho de que estuvieran ausentes los funcionarios ministeriales a que se ha hecho referencia no invalida necesariamente los procedimientos que tuvieron lugar ante la

corte inferior, y que habiendo tenido el peticionario su día en corte y no habiendo demostrado que se le privara de algún derecho substancial o que fuera perjudicado en alguna forma en el indicado procedimiento, por no estar presentes dichos funcionarios, así como tampoco no habiendo siquiera formulado entonces objeción alguna el referido peticionario, o llamado la atención de la corte municipal respecto al particular, debe confirmarse la sentencia dictada por la corte de distrito.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.