RONDA, PLAINTIFF AND APPELLEE, *v.* ORTIZ, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3038.—Decided May 29, 1924.

DEFAULT JUDGMENT—DISCRETION OF COURT.—Section 140 of the Code of Civil Procedure does not empower a court to set aside a default judgment that is *prima facie* valid when the defendant moves therefor more than six months after the judgment is rendered.

ID.—ACTION OF DEBT.—When a court has acquired jurisdiction of the parties in an action of debt a default judgment rendered by the judge is not void because the law empowers the clerk also to enter such judgment.

The facts are stated in the opinion.
*Mr. A. Agosto* for the appellant.
*Mr. R. H. Blondet* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This was an action of debt brought in a municipal court. The defendant demurred and the demurrer was overruled. He asked for time within which to answer and it was granted. He did not answer within the time allowed and the plaintiff moved for a default judgment against him. The municipal court sustained that motion on November 10, 1921, and notice of the judgment was given to the defendant on the same day.

The record shows that an answer to the complaint was filed on November 15, 1921. Then follows a motion by the

plaintiff of June 29, 1922, for a writ of execution. On the following day the defendant moved that the default be opened and that he be exempted from the effects of the judgment. His motion was accompanied by two affidavits. The adverse party objected and the municipal court overruled the defendant's motion whereupon he appealed to the district court. That court heard the parties and on March 6, 1923, dismissed the appeal. From that judgment the defendant appealed to this court.

In his brief the appellant assigns three errors, as follows: (1) In not giving legal value to agreements between the attorneys of record; (2) in recognizing the validity of a judgment that the parties had agreed to consider void, and (3) in leaving in force a judgment rendered by the municipal court without jurisdiction.

The first two assignments should be examined together.

In one of the affidavits accompanying the motion to open the default it was said by the attorney for the defendant that he had agreed with the plaintiff's attorney that the defendant could have until November 15, 1921, for filing his answer and that he would consider the judgment as void. The agreement was not made in writing, nor was the court informed of it. The attorney for the plaintiff, with whom the defendant's attorney says he made the agreement, had ceased to represent that party when the motion was filed. The only evidence of the existence of the agreement was the said affidavit.

The plaintiff's objection was based on the following: (1) That the record disclosed nothing as a basis for the nullity; (2) that neither the motion nor the affidavits showed sufficient merits for granting the motion, and (3) that section 140 of the Code of Civil Procedure relied on by the defendant fixed a period of six months within which to make the motion and that period had expired.

The last ground was the one that really served as a basis

for the decisions of both the municipal court and the district court.

From November 10, 1921, when the judgment was rendered, to June 30, 1922, when the defendant's motion was filed, the six months' limit fixed by section 140 of the Code of Civil Procedure and expressly invoked by the defendant was more than covered.

Section 140 of our Code of Civil Procedure is similar to section 473 of the California Code, and the Supreme Court of that State, in construing it, has laid down the following doctrine:

"To obtain relief under this section, application must be made within the time prescribed: the court has no power to vacate a judgment or order, not void upon its face, after the expiration of the time limited by this section. Hartman v. Olvera, 49 Cal. 101; Dunsmuir v. Coffey, 148 Cal. 137, and other cases." Fairall's Code of Civil Procedure, Part I, p. 437.

The fact that the plaintiff did not object to the affidavit of the defendant does not necessarily imply that he admitted its contents as true. Unless the third assignment of error is well established the judgment in this case was not void on its face, nor was there anything in the record to show its nullity; therefore, the motion should have been made within the statutory period.

In arguing the third assignment the appellant contends that the court was without jurisdiction to render the judgment, and that the clerk was the only official who could enter it, because the case was an action of debt. He cites section 194 of the Code of Civil Procedure.

From the moment that the complaint was filed and the defendant was duly summoned the court acquired jurisdiction. In this case not only was the defendant summoned, but he appeared, demurred and asked for an extension of time. In order to facilitate the disposition of cases the statute authorizes the clerk to enter judgments in certain cases, but this does not mean that the court has no power

to render them. If the interested party applies to the court and the court elects to render the judgment, such judgment is absolutely valid. It is the court that is originally vested with, that power.

None of the errors assigned having been committed, the judgment appealed from must be

*Affirmed.*

Justice Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.