## Ronda, Demandante y Apelado, *v.* Ortiz, Demandado y Apelante.

No. 3038.—*Visto:* Enero 22, 1924. *Resuelto:* Mayo 29, 1924.

Sentencia en Rebeldía—Anulación de Sentencia en Rebeldía—Discreción Judicial.—El artículo 140 del Código de Enjuiciamiento Civil no faculta a las cortes para dejar sin efecto una sentencia en rebeldía que es válida *prima facie,* cuando el demandado formula la petición después de transcurridos seis meses de dictada la sentencia.

Id.—Cobro de Pesos—Sentencia en Rebeldía Dictada por el Juez.—Cuando la corte ha adquirido jurisdicción sobre las partes en un pleito sobre cobro de dinero, la sentencia dictada en rebeldía por el juez no deja de ser válida por el hecho de que la ley confiera también al secretario de la corte facultad para dictarla.

Sentencia de *J. A. López Acosta,* J. (San Juan, Primer Distrito), en acción en cobro de dinero, negando apertura de rebeldía. *Confirmada.*

*A. Agosto,* abogado del apelante; *R. H. Blondet,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este pleito se originó en una corte municipal. Versa sobre cobro de pesos. Compareció el demandado y formuló excepciones previas que fueron desestimadas. Solicitó una prórroga para contestar que le fué concedida. Transcurrió el término sin que lo hiciera y el demandante pidió que se anotara su rebeldía y se dictara sentencia en su contra. Así lo hizo la corte municipal el 10 de noviembre de 1921, notificándose la sentencia al demandado el propio día.

El 15 de noviembre de 1921 aparece archivada en los autos una contestación a la demanda. Sigue una moción del demandante de fecha 29 de junio de 1922 pidiendo la ejecución de la sentencia. Al día siguiente el demandado pidió que se abriera la rebeldía y se le eximiera de los efectos de la sentencia. Acompañó dos *affidavits.* La parte contraria se opuso y la corte municipal declaró sin lugar la petición del demandado. No conforme éste, apeló para ante la corte de distrito. La corte oyó a las partes y el 6 de marzo de

1923 desestimó el recurso. De la sentencia dictada, apeló el demandado para ante este tribunal.

En su alegato señala el apelante tres errores cometidos, a su juicio, por la corte: 1, al no dar valor legal a convenios hechos por los abogados de record; 2, al reconocer valor a una sentencia que ambas partes habían convenido en tener por inexistente, y 3, al dejar en vigor una sentencia ·dictada sin jurisdicción por la corte municipal.

Los dos primeros errores pueden y deben estudiarse conjuntamente.

En uno de los *affidavits* acompañados a la moción de apertura de rebeldía se expresó por el abogado de la demandada que entre él y el abogado del demandante se había convenido que el demandado podría radicar su contestación hasta el 15 de noviembre de 1921 y que la sentencia dictada se tendría por no existente. El convenio no se formuló por escrito ni se dió cuenta de él a la corte. El abogado del demandante con quien dice el abogado de la demandada que formuló el convenio había cesado en su representación cuando la moción fué archivada. La única prueba aportada de la existencia del convenio consiste en el indicado *affidavit*.

La oposición del demandante se basó, 1, en que de los autos no aparecía ninguna circunstancia que diera motivo a la nulidad; 2, en que ni la moción ni los *affidavits* mostraban méritos bastantes para conceder lo pedido, y 3, en que el propio artículo 140 del Código de Enjuiciamiento Civil invocado por el demandado fijaba un término de seis meses para hacer la petición y dicho término había transcurrido.

El último fundamento fué el que en realidad de verdad sirvió de base tanto a la resolución de la corte municipal como a la de distrito.

En efecto desde el 10 de noviembre de 1921 en que se dictó la sentencia al 30 de junio de 1922 en que se presentó la petición del demandado, había transcurrido con exceso el

término de seis meses que como máximum fija el artículo 140 del Código de Enjuiciamiento Civil invocado expresamente por el demandado.

El artículo 140 de nuestro Código es similar al 473 del de California, y la Corte Suprema de dicho estado, interpretándolo, ha establecido la siguiente doctrina:

"Para ampararse en esta sección, la petición debe hacerse dentro del término prescrito: la corte no tiene poder para dejar sin efecto una sentencia u orden, que no sea nula sobre su faz, después de expirado el término limitado por esta sección. *Hartman* v. *Olvera*, 49 Cal. 101; *Dunsmuir* v. *Coffey*, 148 Cal. 137; y otros casos citados en Fairall's Code of Civil Procedure, Part one, p. 437."

El hecho de que la parte demandante no impugnara el *affidavit* de la parte demandada, no implica necesariamente que aceptara la verdad de lo en él consignado. A menos que el tercer error esté bien establecido, la sentencia en este caso no era nula por su faz, ni existía dato alguno en los autos demostrativo de su nulidad, y por lo tanto la petición debió haberse formulado dentro del período estatutorio.

Sostiene el apelante argumentando el tercer error que la corte no tenía jurisdicción para dictar la sentencia. Que era el secretario el único que podía dictarla por tratarse de un pleito en cobro de pesos. Invoca el artículo 194 del Código de Enjuiciamiento Civil.

Desde el momento que la demanda se interpuso y fué el demandado citado debidamente, la corte adquirió jurisdición. En este caso no sólo fué el demandado citado si que además compareció y formuló excepciones previas y pidió una prórroga. Para facilitar el despacho de los asuntos, la ley concede autoridad al secretario para registrar sentencias en limitados casos, pero esto no quiere decir que la corte no tenga autoridad para dictarlas. Si a la corte acude la parte interesada y la corte opta por pronunciar la sentencia, dicha sentencia es enteramente válida. En la corte es en la que reside originalmente la autoridad.

No habiéndose cometido ninguno de los errores señalados debe *confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución ·de este caso.