JOAQUÍN RAMOS, demandante y apelado, *v.* SELLÉS CASAS & Co., y SANTIAGO IGLESIAS SILVA, demandados y apelantes.

No. 4236.—*Visto:* Enero 10, 1928. *Resuelto:* Enero 17, 1928.

1. SENTENCIAS—EN REBELDÍA—REQUISITOS Y VALIDEZ—JURISDICCIÓN PARA DICTARLA.—Cuando en acción originada de un contrato para cobro de dinero se dicta sentencia en rebeldía del demandado y el emplazamiento no cumple con lo que exige el inciso 4 del artículo 89 del Código de Enjuiciamiento Civil, la sentencia así dictada es nula.

2. SENTENCIAS—EN REBELDÍA—REQUISITOS Y VALIDEZ—PRECEPTOS ESTATUTORIOS.—Aún cuando en los casos a que se refiere el inciso 1 del artículo 194 del Código de Enjuiciamiento Civil, se ordena al secretario que anote la sentencia, la corte no pierde por ello su jurisdicción y puede intervenir y dictar la sentencia que fuere procedente.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), condenando a la demandada *Sellés Casas & Co.,* a pagar determinada suma al demandante, y a éste y al otro demandado, como contrademandados a pagar a *Sellés Casas & Co.* ciertas sumas, sin costas. *Revocada* en cuanto por ella se condenó a *Iglesias.*

*González Fagundo & González Jr.,* abogados de la demandada *Sellés Casas & Co.; J. Vendrell,* abogado de Santiago Iglesias y de Joaquín Ramos.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Sellés Casas & Co. otorgó un pagaré a favor de Santiago Iglesias Silva por cinco mil dólares. Joaquín Ramos se constituyó en fiador de Sellés Casas & Co. El acreedor Iglesias endosó el pagaré al American Colonial Bank. La deuda no fué pagada y el American Colonial Bank entabló para cobrarla una acción judicial contra el deudor y el fiador, obteniendo sentencia favorable, que fué satisfecha por el fiador.

El fiador entonces inició este pleito contra Sellés Casas & Co. en solicitud de que se condenara a la sociedad demandada a reintegrarle lo que pagó por ella.

Contestó Sellés Casas & Co. y a su vez contrademandó a Ramos. Además pidió que se incluyera como parte demandada en el pleito a Santiago Iglesias Silva. Accedió la corte y entonces formuló contra él una contrademanda su-

plicando una sentencia condenándolo a pagar todo lo que Sellés Casas & Co. tuviera que pagar a Ramos y la suma de $3,606.33 que era en deberle según balance que arrojaban sus libros de cuentas.

Iglesias fué emplazado y no compareció.  Tampoco asistió al juicio, en el que estuvieron presentes el demandante y la sociedad demandada.  La corte finalmente dictó sentencia condenando a Sellés Casas & Co. a pagar al demandante Ramos $5,654.00, al contrademandado Ramos a pagar a Sellés Casas & Co. $1,591.05 y al contrademandado Iglesias a pagar a Sellés Casas & Co. $3,606.33, más $1,750.00 importe de 35 por ciento a que quedara reducida la obligación de $5,000.00 que cobró Iglesias indebidamente con motivo de la quiebra de Sellés Casas & Co., no obstante haberla endosado al American Colonial Bank.

No conforme Iglesias con la sentencia, interpuso el presente recurso de apelación alegando que la corte actuó sin jurisdicción al dictarla, 1º, porque el emplazamiento era nulo, y 2º, porque no era a ella sino al secretario al que en todo caso le hubiera correspondido registrarla.

La parte apelada no compareció a la vista del recurso ni ha formulado alegato.

1. Examinemos el primer error.

El emplazamiento de que se trata, termina así:

"*Y se notifica a usted* que de no comparecer a contestar dicha demanda dentro de los diez días después de notificado si la notificación se hiciere en el distrito, y dentro de los veinte días si se hiciere fuera del distrito, pero en la Isla de Puerto Rico, y dentro de los cuarenta días si se hiciere en otra parte, el demandante podrá obtener una sentencia de acuerdo con la súplica de la demanda, según más arriba se expresa."

No es suficiente porque no cumple con lo que exige el No. 4 del artículo 89 del Código de Enjuiciamiento Civil, a saber:

"4. En una acción originada de un contrato para obtener dinero,

o el importe de daños y perjuicios solamente, se hará constar la prevención de que si no compareciere y contestare el demandado según se le ordena, el demandante obtendrá fallo por la cantidad exigida en la demanda, especificando la suma.''

Por lo menos en tres decisiones de esta corte—*Zapater v. Irizarry et al.,* 15 D.P.R. 538, *Vías* v. *Sucesión Pérez et al.,* 15 D.P.R. 732 y *Freiría & Co.* v. *R. Félix Hermanos & Co.,* 20 D.P.R. 159—se ha decidido que deben seguirse los términos del estatuto en el emplazamiento para que pueda dictarse una sentencia válida en rebeldía del demandado.

[2] Bastaría lo dicho para decidir el recurso. Sin embargo, como el segundo fundamento envuelve una cuestión de práctica que no debe pasarse por alto, deseamos consignar que aunque la ley prescribe, artículo 194, No. 1, del Código de Enjuiciamiento Civil, que ''en un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al Secretario de la Corte, dentro del término señalado en la citación, o de su prórroga, si se hubiere concedido; el secretario a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación . . . .,'' y aunque éste fuera un caso en que de acuerdo con la ley hubiera correspondido al secretario registrar la sentencia, no hubiera perdido la corte su jurisdicción para intervenir y dictar la sentencia que fuere procedente. La regla es que sea la corte la que dicte la sentencia. Sólo existe la rara excepción indicada y en ella siempre actúa el secretario bajo la inmediata inspección de la corte que tiene facultades para anular si así procediere la sentencia que registre el secretario.

*Debe revocarse la sentencia apelada* en cuanto por ella se condenó al apelante Iglesias al pago de $3,606.33 a la demandada Sellés Casas & Co., quedando subsistente en todo lo demás.