SIXTO RIVERA, recurrente y apelante, *v.* CORTE MUNICIPAL DE YABUCOA, HON. ERCILIO ALVARADO, JUEZ, recurrida y apelada.

No. 6349.—*Sometido:* Marzo 21, 1934. *Resuelto:* Julio 18, 1934.

*Alfonso Lastra Charriez,* abogado del apelante; *Ercilio Alvarado,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte Municipal de Yabucoa abrió su sesión para la vista de causas criminales el 28 de noviembre de 1932. En dicho día la corte no tenía secretario, toda vez que el cargo se hallaba vacante, desde el 18 del mismo mes, debido a que el Senado de Puerto Rico no había confirmado el nombramiento hecho por el Gobernador a favor de Providencia Arroyo. Al abrir la sesión el juez, o la corte, según sea el caso, ordenó al márshal de la corte que tomara las notas necesarias de la sesión y que desempeñara en general los deberes del secretario a excepción de la toma de juramento a los testigos. Al mismo tiempo la corte ordenó a un policía que desempeñara los deberes del márshal.

Se llamó un caso contra Sixto Rivera por el delito de portar un arma prohibida. El acusado, por conducto de su abogado, presentó una moción atacando la jurisdicción de la corte, porque, en ausencia de los funcionarios regulares, ésta no estaba legalmente constituída. La parte contraria reconoce que hemos dicho en el caso de *Ex parte Plata y El Pueblo,* 22 D.P.R. 188, que:

"La cuestión común y esencial en todas las cortes es que haya un juez o jueces, y esto es tan esencial que se les designa con el nombre de corte para diferenciarlos de los funcionarios secundarios o subordinados.

"Los secretarios y marshals son funcionarios ministeriales, y en manera alguna necesarios a la existencia de una corte.

"El mero hecho de que estuvieran ausentes de la vista de una causa el secretario y márshal, no invalida el procedimiento, mucho más cuando, como acontece en este caso, el acusado tuvo su día en corte y no ha demostrado que se le privara de ningún derecho substancial o que fuera perjudicado en forma alguna por no estar presentes dichos funcionarios, ni formulado entonces objeción, ni llamado la atención de la corte sobre el particular."

Empero, el apelante trata de distinguir el caso diciendo que en el de Plata los funcionarios ministeriales se hallaban meramente ausentes, mientras que en éste no se había nombrado debidamente al secretario. La Corte Municipal de Yabucoa declaró sin lugar la moción. Entonces Sixto Rivera apeló para ante la Corte de Distrito de Humacao. El juez municipal aceptó la notificación de la apelación. Posteriormente Rivera también presentó una petición de *certiorari* ante la Corte de Distrito de Humacao, la cual, a moción del juez municipal, anuló el auto.

Estamos muy contestes con el apelado en que el cargo de juez de una corte en general abarca todos los atributos que pudiera tener cualquiera de los funcionarios ministeriales de la corte; que en ausencia del secretario, ora tal ausencia fuere temporal o permanente, el juez puede desempeñar las funciones de dicho empleado. Conforme dijimos en el caso de Plata, supra, los secretarios y marshals son funcionarios ministeriales, no necesarios para la existencia de una corte. Un caso interesante que se pronuncia en el mismo sentido, citado por el apelado, es el de *Mealing* v. *Pace,* 14 Ga. 596, 629.

■ También indica el apelado que si un acusado tiene un juicio y la corte da todos los pasos necesarios para celebrar la vista del caso, la sentencia dictada es válida. *Ronda* v. *Ortiz,* 33 D.P.R. 221; *Ramos* v. *Sellés et al.,* 37 D.P.R. 604. Creemos que el juez de la Corte Municipal de Yabucoa estaba plenamente autorizado para conocer del caso y designar funcionarios ministeriales para que cooperaran con él. No importa que se tratara de designar a estos funcionarios ministeriales más o menos permanentemente sin el consentimiento del fiscal general. Todos y cada uno de los días en que la corte celebra sesión tiene facultad para determinar que sus funciones como tal corte sean desempeñadas y aun si el nombramiento no era permanente en derecho, podía hacerse una designación *pro hac vice.*

■ También en apoyo de la idea de que la corte carecía

de jurisdicción el acusado alega que no podía apelarse; que la ley relativa a apelaciones de las cortes municipales exige que el escrito sea notificado al secretario. En este caso el juez mismo aceptó el escrito de apelación, perfeccionó los autos del recurso y los envió a la Corte de Distrito de Humacao, donde se hallaban al presentarse la petición de *certiorari*. En verdad las partes convinieron en que la presencia de los autos en la corte de distrito formara parte del *return*. Creemos igualmente que en ausencia del secretario la corte de conformidad con la ley, se sustituyó por dicho funcionario. Sería absurdo suponer que en ausencia del secretario, a quien pudieran notificarse las apelaciones, el juez no pudiera actuar en su lugar.

Si la corte carecía de secretario a quien pudiera notificarse el escrito de apelación, entonces, como la ley no exige cosas imposibles, el apelante pudo radicar el escrito de apelación en la corte, y esto sería suficiente para el secretario en cualquier momento en que llegara. Sin embargo, es innecesario tratar más esta cuestión, ya que somos enteramente de opinión que la acción de la corte en este caso estuvo en orden.

*La sentencia apelada debe ser confirmada.*