[L. A. No. 1238. Department One.—June 23, 1904.]

## THE PEOPLE, Respondent, v. S. DAVIS, Defendant; FRED W. LAKE, Appellant.

JUDGMENT NOT VOID—JURISDICTION TO VACATE—LIMITATION—SETTING ASIDE VOID ORDER.—A judgment which is not void upon its face cannot be vacated on motion after the lapse of the time limited in section 473 of the Code of Civil Procedure; and an order purporting to vacate such judgment, on motion of a successor of the defendant, after the lapse of one year, is without jurisdiction and void, and may be set aside by the court of its own motion at any time, and the plaintiff cannot be prejudiced by his omission to appeal therefrom or by failure to move to set it aside within six months.

ID.—INSPECTION OF JUDGMENT-ROLL—STATUTE IN FORCE.—The question whether a judgment is or is not void upon its face is to be determined from an inspection of the judgment-roll, under the statute in force at the time of the entry of the judgment.

ID.—AFFIDAVIT AND ORDER OF PUBLICATION.—Under section 670 of the Code of Civil Procedure, as it stood prior to the amendment of 1895, the affidavit and order of publication were no part of the judgment-roll, and their sufficiency could not be inquired into as affecting the invalidity of a judgment rendered upon publication of the summons, but their sufficiency must be conclusively presumed in favor of its validity.

ID.—SUFFICIENCY OF PUBLICATION—IMMATERIAL DISCREPANCIES.—Slight discrepancies in the publication of the summons which were not capable of misleading the defendant as to the nature of the proceeding, the land affected, and the relief demanded, and which do not affect the substantial identity of sense and meaning between the original summons and the published version of it, are immaterial.

ID.—RETURN OF ORIGINAL SUMMONS—ALIAS SUMMONS—RECITAL OF SERVICE IN JUDGMENT.—Where the judgment-roll shows that the original summons was returned before the publication, but does not show that no *alias* summons was not issued prior to the publication, a recital in the judgment that the defendant had been "regularly served with process as required by law" is not rebutted by anything in the judgment-roll, and the judgment is not void upon its face.

ID.—REMEDY OF AGGRIEVED PARTY IN EQUITY.—Where the judgment is not void upon its face the sole remedy of an aggrieved party who has not been served with summons, after the lapse of one year, is to be found in a new action on the equity side of the court. It is thereafter entirely beyond the reach of the court that rendered it, except in a separate action.

CXLIII. Cal.—43

APPEAL from an order of the Superior Court of Kern County vacating and setting aside a former order vacating and setting aside a judgment. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

F. D. Brandon, for Appellant.

J. W. Ahern, for Respondent.

ANGELLOTTI, J.—Appeal from an order vacating and setting aside a prior order vacating and setting aside a judgment by default.

The action was brought to foreclose and annul a certificate of purchase of state lands in Kern County which had been issued to defendant, Davis. Service of summons was not made upon Davis personally, but was attempted to be made by publication, in pursuance of an order of court. Davis did not appear, and a default judgment was entered against him in December, 1892, annulling and declaring void the certificate of purchase held by him and his rights thereunder.

In December, 1900, upon notice given and affidavits served, the appellant, as successor in interest of defendant, Davis, moved the court for an order setting aside and vacating the default judgment, and the court, after hearing the parties, and upon the affidavits and the record, made an order purporting to vacate the default judgment. The order recites that the affidavits of Fred W. Lake, C. H. Gilman, and S. Davis, together with the summons, affidavit for publication, order of publication, and notices, were read without objection and duly considered by the court. The order purports to set aside and annul the judgment and the service of summons. On November 11, 1901, the court, on application of the plaintiff's attorney, made its order vacating its previous order setting aside the judgment, upon the ground that said order was beyond the jurisdiction of the court and was null and void. There is some doubt under the bill of exceptions as to whether the attorneys for the appellant were present and participated in the hearing and argument on the application of plaintiff's attorney, but we deem that question immaterial.

From the order so made this appeal is taken.

It is well settled that a court has no power to set aside or vacate on motion a judgment not void upon its face, unless the motion is made within a reasonable time, and it is definitely determined that such time will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure, which in no case exceeds one year. It is also settled law that a judgment is not void upon its face unless its invalidity is apparent from an inspection of the judgment-roll. It is hardly necessary to cite authorities to sustain these propositions. (See *People* v. *Temple*, 103 Cal. 447, 453, and *Canadian etc. M. and T. Co.* v. *Clarita L. and I. Co.*, 140 Cal. 672, and cases there cited.)

The effect of these well-settled rules is, that unless the invalidity of a judgment is apparent from an inspection of the judgment-roll, the court rendering it has no power, in the absence of application made within the time specified in section 473 of the Code of Civil Procedure, to make any order vacating or setting aside such judgment, and the sole remedy of the aggrieved party, who may not, in fact, have been served, is to be found in a new action, on the equity side of the court. (See *Eichhoff* v. *Eichhoff*, 107 Cal. 42;[1] *People* v. *Temple*, 103 Cal. 447.)

Under such circumstances, the judgment, which is not invalid on its face, is entirely beyond the reach of the court that rendered it, except in a separate action, and any order of the court purporting to vacate it is beyond the jurisdiction of the court, and therefore void. (*People* v. *Temple*, 103 Cal. 447; *Moore* v. *Superior Court*, 86 Cal. 495.) Such an order occupies no better position than a judgment that is void upon its face, and, like such a judgment, is assailable wherever and whenever it may be produced, and whether the attack upon it be direct or collateral. In *People* v. *Temple*, the attack upon such an order was collateral, and the order was held to be a mere nullity.

The power of a court to vacate a judgment or order void upon its face is not extinguished by lapse of time, but may be exercised whenever the matter is brought to the attention of the court. While a motion for such action on the part of the court is entirely appropriate, neither motion nor notice to an adverse party is essential. The court has full power to take

[1] 48 Am. St. Rep. 110.

such action on its own motion and without any application on the part of any one. (*Kreiss* v. *Hotaling,* 96 Cal. 617, 622.)

As was held in *People* v. *Greene,* 74 Cal. 400, 405,[1] "A judgment which is void upon its face, and which requires only an inspection of the judgment-roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. It can bear no fruit to the plaintiff, but is a constant menace to the defendant."

This is of course equally true of an order invalid on its face.

While it is immaterial in a certain sense whether such a judgment or order be formally set aside, for it neither binds nor bars any one, still it is well settled that the court whose records are thus encumbered with what is a mere form without substance may at any time formally remove the same by declaring it a nullity.

It derives its jurisdiction to do this, however, solely from the fact that the judgment or order upon the face of the judgment-roll demonstrates to the world its own invalidity. If the judgment or order on its face is such that it could not be successfully assailed in a collateral proceeding, the court that rendered or made it cannot by determining otherwise give itself jurisdiction to vacate it. Whether or not it is such a judgment or order is purely a question of law presented by the judgment-roll, and the jurisdiction of the court to vacate it depends upon what such judgment-roll shows as a matter of law, and not upon what such court may determine that it shows. The case is very different from one where a court in a proceeding pending before it is vested with the power to determine certain facts essential to its jurisdiction, such as a question of residence of the deceased on an application for letters of administration or of letters testamentary. (*Estate of Latour,* 140 Cal. 414, 425.) In such cases the court in determining its jurisdiction is simply exercising its jurisdiction, and an incorrect determination as to the facts essential to give jurisdiction is only error, reviewable on appeal.

What has been said disposes of all questions on this appeal, except the single one as to whether the original judgment was void upon its face.

---

[1] 5 Am. St. Rep. 448.

If it was not void upon its face, the order setting it aside was upon its face an absolute nullity, and it was not necessary for the plaintiff to appeal therefrom. Neither failure on the part of plaintiff to appeal nor lapse of time could make it valid or impair the power of the court to formally vacate it on its own motion and without notice. Therefore, it is immaterial, first, whether plaintiff took any appeal; second, whether plaintiff's motion was made within six months from the making of the order; third, whether notice of the motion was ever given; and fourth, whether the grounds of the motion were sufficiently stated.

Was the judgment void upon its face? This question, as we have already seen, must be determined from an inspection of the judgment-roll. Under the statute as it was at the time of the entry of this judgment and for several years thereafter, the judgment-roll in cases where the complaint was not answered by any defendant, consisted of the summons, with the affidavit and proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment. (Code Civ. Proc., sec. 670, subd. 1, as it stood prior to amendment of 1895.)

Neither the affidavit for publication of summons nor the order for publication constituted any part of the judgment-roll under the law then in force, and cannot therefore be considered, notwithstanding the fact that they have been placed in the bill of exceptions. (*People* v. *Temple,* 103 Cal. 447, 453.) The case in which the judgment in question was rendered was one in which service by publication was authorized, and it must be conclusively presumed, upon the attack made upon it, that there was a sufficient affidavit and a sufficient order. There is therefore nothing in the point that the affidavit and order for publication were insufficient.

It is further urged in support of the claim that the judgment was void on its face, that the summons was not published as issued.

While a comparison of the original summons with the copy attached to the affidavit of publication shows a few discrepancies, they are very slight, and not capable of misleading the defendant as to the nature of the proceeding, the land affected, and the relief demanded. As was said in regard

to a similar objection in *Sharp* v. *Daugney,* 33 Cal. 505, 513, "In sense and meaning the original summons and the published version of it are identical, and that is enough."

. It is further urged that the original summons was returned and filed with the clerk five days after the date of its issuance, and that the attempted service by publication was thereafter had without withdrawing it from the files or having an *alias* summons .issued. There is nothing in this contention. The judgment-roll does not show that no *alias* summons was issued, but simply contains the original summons, with the return of the sheriff, that he was unable to find the defendant, dated and filed August 30, 1892, and the affidavit of publication, which does not show that an *alias* summons was not issued prior to the publication. The judgment recites that the defendant had been "regularly served with process, as required by law." There is nothing in the judgment-roll tending to rebut this recital of the judgment. (*People* v. *Harrison,* 84 Cal. 609; *Whitney* v. *Daggett,* 108 Cal. 235.)

These are the only points made in favor of the contention that the judgment was void upon its face. The lower court did not err in holding that the judgment was upon its face a valid judgment, and that the order purporting to vacate it, made after the lapse of eight years, was a mere nullity and should be vacated.

The order appealed from is affirmed.

Shaw, J., and Van Dyke, J., concurred.