. [L. A. No. 1760.   In Bank.—October 12, 1905.]

JAMES DUNSMUIR, Petitioner, v. J. V. COFFEY, Judge of the Superior Court of the City and County of San Francisco, Respondent.

PROHIBITION—ORDER APPOINTING SPECIAL ADMINISTRATOR—VALIDITY OF PRIOR ORDER ANNULLING PROBATE OF WILL.—Upon a petition to prohibit the execution of an order appointing a special administrator and directing him to take from a distributee property distributed to him under a will probated in a foreign jurisdiction, and admitted to probate in this state, the probate of which the court assumed to annul four years after distribution, the validity of the annulling order must be inquired into, since, if void upon its face, it necessarily renders void the order sought to be prohibited, and its validity necessarily involves the question whether the order admitting the will to probate is not void upon its face.

ID.—POWER OF COURT TO VACATE JUDGMENT—LAPSE OF TIME LIMITED.—After the lapse of the time limited by section 473 of the Code of Civil Procedure a judgment not void upon its face is entirely beyond the reach of the court that rendered it, except in a separate action, and any order of court purporting to vacate it is beyond the jurisdiction of the court, and therefore void.

ID.—VALIDITY OF PROBATE OF WILL—DOMICILE OF DECEASED—COLLATERAL ATTACK.—Regardless of the distinction which may exist between the probate of domestic and foreign wills, and regardless also of the correct determination of the matter of the domicile of the deceased, the order admitting the will to probate was in no sense void, and, supposing it to be erroneous, was valid until reversed directly upon appeal, and its validity could not be collaterally attacked.

PETITION for Writ of Prohibition to a Judge of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, and Charles S. Wheeler, for Petitioner.

Campbell, Metson & Campbell, for Respondent.

Eustace Cullinan, and Thomas V. Hickey, for Special Administrator.

LORIGAN, J.—Alexander Dunsmuir died on or about the thirty-first day of January, 1900, in the city of New York. On the twenty-fourth day of February following his will was presented for probate to the supreme court of British Columbia at Victoria and was there duly admitted to probate. On the twenty-sixth day of April of that year an authenticated copy of the will, together with an authenticated copy of the decree admitting it to probate in British Columbia, was filed in the superior court of the city and county of San Francisco, with a petition for the probate of the will and for letters testamentary thereon. After due notice the will was admitted to probate. The administration proceedings were regular, and culminated in a decree of final distribution and the discharge of the executor. Under the will and by the decree the estate was distributed to James Dunsmuir, a brother of the deceased and petitioner herein. In the regular proceedings upon administration it is declared that Alexander Dunsmuir at the time of his death was a resident of the city and county of San Francisco. The decree of distribution upon the question of domicile declares "that the said testator, Alexander Dunsmuir, died on the 31st day of January, 1900, at the city and county and state of New York, and at the time of his death he was a British subject and a resident of, and domiciled at, Victoria, British Columbia, but temporarily residing in the city and county of San Francisco, as appears from the evidence both oral anl documentary introduced upon the hearing of the petition for distribution." The decree in the matter of the estate was entered upon June 4, 1901. Shortly thereafter James Dunsmuir, executor under the will, was finally discharged, and the administration was thus closed. Nearly five years after the will had been admitted to probate, and four years after final distribution and discharge of the executor, the superior court of the city and county of San Francisco, in which the will had been admitted to probate, upon motion of Edna Wallace Hopper, made its order vacating and annulling the order admitting the will to probate. While this order was made by the same court,—that is to say, the superior court in probate,—it was actually given by another judge than the one who had five years previously allowed probate of the will. Application in *certiorari* was made to this court to review this order vacating

and annulling the order admitting the will to probate, but the application was refused upon the ground that an appeal from this order would afford adequate relief. Subsequent to this order vacating and annulling the order admitting the will to probate the superior court appointed a special administrator and directed that administrator to take from James Dunsmuir, distributee under the decree of distribution, the property so to him distributed. Petitioner now comes to this court seeking to prohibit the execution of this last order of the court.

A preliminary objection by way of demurrer to the petition is presented by the respondent, under which he contends that the inquiry of this court must be confined to a consideration of the validity or invalidity of the order appointing a special administrator and directing him to take charge of the assets of the estate, and that the inquiry cannot go back of this order to a consideration of the question whether the order annulling the order admitting the will to probate was valid or invalid. We do not consider that any such limitation can be placed upon the inquiry. The order appointing the special administrator and directing him to take charge of the estate depends for its validity entirely upon the validity of the order previously made annulling the order admitting the will of Alexander Dunsmuir to probate. And this latter order annulling the order admitting the will to probate is itself an order void upon its face, unless in turn the order originally admitting the will to probate was itself void on its face. Hence it must follow that, if the order annulling the order admitting the will to probate is itself void, then the order appointing the special administrator, which is based upon such a void order, is itself necessarily void. The contention of respondent is fully and completely answered adversely to his position by *People* v. *Davis,* 143 Cal. 673, [77 Pac. 651], where the court says: "It is well settled that a court has no power to set aside or vacate on motion a judgment not void upon its face, unless the motion is made within a reasonable time, and it is definitely determined that such time will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure, which in no case exceeds one year. It is also settled law that a judgment is not void upon its face unless its invalidity is apparent from an inspec-

tion of the judgment-roll. . . . Under such circumstances (in the absence of application made within the time specified in section 473 of the Code of Civil Procedure) the judgment, which is not invalid on its face, is entirely beyond the reach of the court that rendered it, except in a separate action, and any order of the court purporting to vacate it is beyond the jurisdiction of the court, and therefore void. Such an order occupies no better position that a judgment that is void upon its face, and, like such a judgment, is assailable wherever and whenever it may be produced, and whether the attack upon it be direct or collateral. . . . If the judgment was not void upon its face, the order setting it aside was upon its face an absolute nullity, and it was not necessary for the plaintiff to appeal therefrom. Neither failure on the part of plaintiff to appeal nor lapse of time could make it valid or impair the power of the court to formally vacate it on its own motion and without notice.''

The claim of petitioner insisted on here is that the order annulling the order admitting the will to probate is void, and that being so void the subsequent order appointing a special administrator and directing him to take from petitioner the property distributed to him by the decree, being an attempted interference with his right under such decree, the consideration of the validity or invalidity of the order annulling the order admitting the will to probate, upon which the decree is based, is not only proper, but essentially necessary. In our opinion there can be no doubt of the correctness of petitioner's position, and that it devolves upon this court to determine whether or not the order annulling the order admitting the will of Alexander Dunsmuir to probate was or was not void. To determine this necessarily involves a consideration of the order admitting the will to probate, because it must be conceded that if the order admitting the will to probate was not of itself void on its face the court had no power, after the lapse of time shown, to make an order setting it aside, for, as above quoted from *People* v. *Davis,* after the lapse of time limited by section 473 of the Code of Civil Procedure ''the judgment which is not invalid on its face is entirely beyond the reach of the court that rendered it, except in a separate action, and any order of the court purporting to

vacate it is beyond the jurisdiction of the court, and therefore void."

This brings us to the controlling inquiry in the case, which is whether the order admitting the will of Alexander Dunsmuir to probate by the superior court of the city and county of San Francisco was void on its face. Regardless of the distinction which may exist between the probate of domestic and foreign wills, and regardless also of the correct determination of the matter of the domicile of the deceased, we are satisfied that this inquiry must be answered in the negative. The order admitting the will to probate was in no sense void. Even if it were erroneous (a question not necessary to be decided), it was still valid until reversed upon direct proceedings upon appeal. This proposition is definitely settled in *Goldtree* v. *McAlister,* 86 Cal. 93, [24 Pac. 801], where it is said: "An error of the court in deciding that certain documentary evidence, not properly authenticated, proved a valid foreign probate of a will, is not different in character or in principle from an error in deciding, as in the case of *Irwin* v. *Scriber,* 18 Cal. 500, that certain evidence proved that the deceased had her last place of residence in Sacramento County. The error in the former case may have proceeded from a misconception of what constituted a valid foreign probate of a will or from an error as to what was competent or sufficient evidence to prove it. In the latter case the error may have arisen from a mistaken view of what constituted a residence or from an error as to what was sufficient or competent evidence to prove it. Such errors may be corrected by appeal, but do not render the judgment void." This case was one of a collateral attack upon the probate of a will under circumstances similar to those involved in the case at bar, though less favorable to the contention of this respondent. It was there held that such a probate, even if erroneous, was not void, and the ruling in that case entirely disposes of the controlling question involved here. The order annulling the admission of the will of Alexander Dunsmuir to probate made at the time and under the circumstances disclosed is, in its nature, an attempt to declare void a decree in no sense void, and the result is, as said in *People* v. *Davis,* that the attempt to do so is beyond the jurisdiction of the court, and is itself void. It follows,

then, that, as the order vacating the order admitting the will to probate is void, the order appointing the special administrator and directing him to take charge of the estate, which is based on this previous void order, is equally void, and that the writ of prohibition should issue as prayed for, and it is so ordered.

Henshaw, J., McFarland, J., Angellotti, J., Shaw, J., and Van Dyke, J., concurred.

Rehearing denied.