[S. F. No. 4323.   Department Two.—March 28, 1906.]

In the Matter of the Estate of ALEXANDER DUNSMUIR, Deceased. JAMES DUNSMUIR, Executor, Appellant, v. EDNA WALLACE HOPPER, Respondent.

ESTATES OF DECEASED PERSONS—ORDER VACATING PROBATE OF WILL— LAPSE OF TIME FOR MOTION.—A motion cannot be entertained to vacate an order admitting a will to probate which is not void upon its face, after the lapse of the time prescribed by section 473 of the Code of Civil Procedure, and an order granting such motion is erroneous and void and will be reversed upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating an order admitting a will to probate. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Andrew Thorne, Charles S. Wheeler, and J. F. Bowie, for Appellant.

Campbell, Metson & Campbell, and G. D. Woods, for Respondent.

THE COURT.—On May 9, 1900, an order was made in the superior court of the city and county of San Francisco, California, admitting to probate the last will of Alexander Dunsmuir, deceased, upon an authenticated copy of the will and of a decree of a court in British Columbia admitting it to probate, and appointing James Dunsmuir executor; he being named in the will as executor thereof. The administration of the estate of said Dunsmuir, deceased, proceeded regularly and culminated in a decree of final distribution and the discharge of the executor. This decree was entered June 4, 1901, and the estate was distributed to said James Dunsmuir, who was the sole devisee and legatee under the will. On March 30, 1905,—nearly five years after the said order admitting the said will to probate, and four years after the order of final distribution and discharge of the executor,—on motion of Edna Wallace Hopper, claiming to be an heir of the deceased, the said superior court made an order vacating and annulling the said order admitting said will to probate and appointing said Dunsmuir executor. From that order James Dunsmuir appeals.

As the motion to vacate the order admitting the will to probate was not made within the time prescribed in section 473 of the Code of Civil Procedure, the order granting said motion was erroneous and void, unless the order admitting the will to probate was itself void on its face. But this court has definitely determined in the case of *Dunsmuir* v. *Coffey* 148 Cal. 137, [82 Pac. 682], that said order admitting said will to probate was not void on its face, and that the order vacating it, from which this present appeal is taken, was void. On the authority of that decision the order herein appealed from must be reversed. The decision in *Estate of Clark,* 148 Cal. 108, [82 Pac. 760], cited by respondent, is not in point. That case came here upon a regular appeal, and directly involved the question whether or not the order there

appealed from was erroneous; it, therefore, is not inconsistent with the decision in *Dunsmuir* v. *Coffey*.

The order appealed from is reversed.