[Civ. No. 5574. First Appellate District, Division Two. — September 13, 1926.]

## MARY F. BROWN, Respondent, v. A. D. SANDELL et al., Defendants; CHRISTENA L. DIEDRICH, Appellant.

[1] PLEADING—VERIFICATION BY ATTORNEY—CONSTRUCTION OF.—A verification of a complaint by an attorney for the plaintiff, who stated that he knew the contents of the complaint and that the same was true "to the best of his knowledge, information and belief," and that he made the verification rather than the plaintiff owing to said plaintiff's being absent from the county wherein affiant resided and the action was brought, was not objectionable on the ground that it was made upon information and belief only. (On denial of hearing in supreme court, approval withheld.)

[2] ID.—VERIFICATION BY ATTORNEY—GROUNDS FOR—KNOWLEDGE.—An attorney may verify on behalf of his client when any one of the three contingencies specified in section 446 in the Code of Civil Procedure exists; and the allegation in a verification by an attorney that he knew the contents of the complaint wherein the facts were alleged and that these facts were true, necessarily implied a knowledge of the facts upon which the complaint was based; and the further allegation in such verification that plaintiff was absent from the county wherein he resided and the action brought presented the question for the trial court to de-

---

1. Sufficiency of verification of pleading by person other than party to action, note, 7 A. L. R. 4.

termine whether this was "some cause" for which the plaintiff was unable to verify the complaint, as covered by the second proviso in section 446 of the Code of Civil Procedure. (On denial of hearing in supreme court, approval withheld.)

[3] PROCESS—PUBLICATION OF SUMMONS—AFFIDAVIT—SUFFICIENCY OF —QUIETING TITLE.—An affidavit for publication of summons in an action to quiet title to real property was sufficient where it disclosed that the cause of action related to real property in this state in which the defendants claimed some interest adverse to plaintiff.

[4] ID.—ORDER FOR PUBLICATION—JURISDICTION—AFFIDAVITS.—The superior court was justified in entering its order for publication of summons several months after the subscribing of an affidavit for such order, where a supplemental affidavit was subscribed to the day before the order was made showing that the defendants could not, after due diligence, be found for the purpose of making personal service.

---

(1) 31 Cyc., p. 543, n. 57.   (2) 31 Cyc., p. 538, n. 9, p. 539, n. 13, p. 543, n. 57.   (3) 32 Cyc., p. 477, n. 15, p. 1349, n. 19.   (4) 32 Cyc., p. 476, n. 8.

APPEAL from an order of the Superior Court of San Diego County denying motion to set aside judgment. W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sweet, Stearns & Forward and Richard M. Kew for Appellant.

Herbert C. Kelly and E. E. Hubbell for Respondent.

NOURSE, J.—Plaintiff commenced this action on July 5, 1916, against a large number of defendants to quiet title to certain described real property situated in the county of San Diego. The complaint was verified by one of plaintiff's attorneys, who gave as the reason for his verification the "plaintiff's being absent from said San Diego County, wherein the affiant resides and said action is brought." On August 2, 1916, the plaintiff's agent subscribed to an affidavit for the publication of summons against a number of the defendants and on October 24th the same agent subscribed to a supplemental affidavit for

---

3.  See 21 Cal. Jur. 505.

the same purpose. On the following day the superior court entered its order for publication of summons based upon these affidavits. The default of the defendant Diedrich and others for failure to answer was subsequently entered and on March 3, 1917, judgment was entered against these defendants quieting title in the plaintiff as prayed in the complaint. On May 2, 1924, the defendant Diedrich moved to set aside this judgment in so far as it related to her and to a designated portion of the real property involved on the ground that the court had no jurisdiction of the person or of the subject matter, and on June 23, 1924, this motion was denied. From the order denying the motion the defendant Diedrich has appealed upon a typewritten record.

On this appeal the appellant urges that the order of publication of summons was void because (1) the complaint was improperly verified; (2) that the affidavits were insufficient to show the existence of a cause of action against this appellant, and (3) that the affidavits failed to show diligence on the part of the respondent at the time of the making of the order for publication.

[1] The complaint was verified by the affidavit of one of the attorneys for respondent, who stated that he knew the contents of the complaint and that the same was true "to the best of his knowledge, information and belief" and that he made the verification rather than the plaintiff "owing to said plaintiff's being absent from San Diego County, wherein affiant resides and said action is brought." It is argued that the verification of the attorney is made upon information and belief only. We cannot agree with this. The affiant stated positively that the allegations of the complaint were true and added "to the best of his knowledge, information and belief." These words do not detract from the positive affirmance of the truth of the allegations of the complaint. They merely state the general rule that any verification of the truth of the facts stated is to the best knowledge, information, and belief of the affiant. (*Pratt* v. *Stevens*, 94 N. Y. 387, 392; *Hambel* v. *Lowry*, 264 Mo. 168 [174 S. W. 405, 406].)

[2] Section 446 of the Code of Civil Procedure provides that when an attorney verifies a complaint on behalf

of his client he must set forth in his affidavit the reasons why it was not made by one of the parties and that such verification is permissible if the party is absent from the county where the attorney has his office or for some cause is unable to verify it or the facts are within the knowledge of the person verifying the same. It is patent that an attorney may verify on behalf of his client if any one of the three contingencies exists. In the verification before us the attorney complied with the third proviso when he affirmed that he knew the contents of the complaint wherein the facts were alleged and that these facts were true. This allegation necessarily implied a knowledge of the facts upon which the complaint was based. In addition to this he alleged that the respondent was absent from the county wherein he resided and the action was brought and it was, therefore, a matter for the trial court to determine when properly brought before it whether this was "some cause" for which the respondent was unable to verify the complaint, as covered by the second proviso.

[3] Appellant concedes that under the terms of section 412 of the Code of Civil Procedure, the question of verification of the complaint becomes unimportant if the affidavits upon which the order for publication was based sufficiently disclosed that a cause of action existed against her, that she was a necessary or proper party to the action, or that this was an action which related to real property in which she claimed some interest, or that the relief demanded in the action consisted wholly or in part in excluding her from any interest therein. In one of the affidavits upon which the order was based it was alleged that "the above entitled action is brought to determine the claim of each of the said defendants to an estate or interest in and to the premises described in the complaint filed in this action adverse to the plaintiff, which said verified complaint is hereby referred to and made a part of this affidavit." The complaint was in the ordinary form of an action to quiet title, merely alleging that the respondent was the owner in fee of the premises described and that the defendants and each of them claimed some interest adverse to her, which claim was without right. The prayer

asked that the defendants set forth their claims and that
it be determined that they had no estate or interest in the
property. It is unnecessary to cite authority to the point
that the complaint alleged all the necessary probative facts
in an action of this kind, and it cannot be doubted that
aside from the question of the verification of the complaint
the affidavit sufficiently disclosed that the cause of action
related to real property in this state in which the defend-
ants claimed some interest adverse to the plaintiff. Appel-
lant cites *People* v. *Mulcahy*, 159 Cal. 34 [112 Pac. 853],
as holding that the affidavit is insufficient. Reliance is
placed upon the opinion in the Mulcahy case because it
involved the question of the sufficiency of an affidavit for
the publication of summons in a case which, like the one
at present, involved adverse claims to real property in
this state. An examination of the opinion, however,
clearly discloses that the supreme court did not have be-
fore it the amendment to section 412 of the Code of Civil
Procedure, which included the provisions relating to causes
involving adverse claims to property such as we have here.
There is nothing in the Mulcahy decision which covers the
point to which it is cited, and it is, therefore, not author-
ity upon that proposition. The terms of the statute are
plain that either the verified complaint or the affidavit
must show the existence of one of the conditions mentioned
in section 412 of the Code of Civil Procedure, and as the
affidavit here in question clearly disclosed that the action
involved adverse claims to real property in this state, it
was sufficient within the terms of that section.

[4] The last point raised is that the first affidavit, sub-
scribed on August 2, 1916, was insufficient to justify the
court on October 25th of the same year to enter the order
for publication of the summons because, though it disclosed
that due diligence had been exercised on the part of the
plaintiff to discover the location of the various defend-
ants prior to August 2d, their location on October 25th
might have been known. But the supplemental affidavit
subscribed on October 24th and filed on the following day
sufficiently disclosed that further search had been made
for these defendants without success and the court was at
the time of the making of the order fully informed that

these defendants could not, after due diligence, be found for the purpose of making personal service.

Order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 12, 1926, and the following opinion then rendered thereon:

THE COURT.—Petition to have the above-entitled cause heard and determined by this court after judgment in the district court of appeal, first appellate district, division two, is denied. However, we withhold our approval of that portion of the opinion which holds that the complaint in the action was properly verified.