[Sac. No. 4105. In Bank.—May 8, 1929.]

O. D. MORGAN et al. (Substituted Plaintiffs), Respondents, v. MRS. E. R. CLAPP, Appellant.

J. T. Sharp and H. W. Brunk for Appellant.

J. J. Lermen for Respondents.

THE COURT.—This action was brought to quiet the title of the plaintiff Gibbons in and to certain real property. Service of summons was had by publication, and judgment as prayed for in the complaint was entered May 6, 1921. More than two years thereafter the defendant moved the court below to set aside and vacate its judgment and decree on the ground that the affidavit accompanying the request for an order directing publication of summons failed, the complaint. being unverified, to comply with the provisions of section 412 of the Code of Civil Procedure, in that it did not aver sufficient probative facts to establish the existence of a cause of action against the defendant. On August 20, 1923, the trial court granted the motion, and set aside the judgment, twenty-seven months after its entry. An appeal taken by the plaintiff from the order setting aside and vacating the judgment was dismissed by this court on January 6, 1925, for failure to file a transcript. When the cause came on again for hearing in the trial court, it was urged by the plaintiff that O. D. Morgan and the Farmers and Merchants National Bank had acquired all of his right, title and interest in and to the property at a time subsequent to the entry of the judgment and decree quieting title, but prior to the vacation of such judgment upon appellant's motion. It then being made to appear that the real parties in interest had not been served with notice of appellant's motion to set aside the judgment, though the instruments transferring title to them had been of record at the time, the trial court, being of the opinion that its order granting said motion was ineffective and inoperative as to said parties,

reopened the proceedings looking to the vacation of the judgment, and, upon application, permitted Morgan and the bank, as such real parties in interest, to file a supplemental complaint setting forth the facts showing their acquisition of the property involved. With the matter thus fully before it, the court below, upon reconsideration, concluded that the affidavit, as filed by the original plaintiff, for an order directing publication of summons was amply sufficient to meet the code requirements, and denied appellant's motion to vacate the default judgment entered against her. It thereupon decreed that the substituted plaintiffs were the owners in fee and entitled to possession of the property, and that appellant was without interest therein. This appeal followed.

█ It is well settled that a court has no power to set aside or vacate, on motion, a judgment not void upon its face, unless the motion is made within a reasonable time; and it is as definitely determined that such time will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure, which in no case exceeds one year. █ In the absence of application made within the time specified in section 473, *supra*, a judgment which is not invalid on its face is entirely beyond the reach of the court that rendered it, except in a separate action; and any order of the court purporting to vacate it is beyond the jurisdiction of the court, and, therefore, void. (*People* v. *Davis*, 143 Cal. 673, 675, [77 Pac. 651]; *Dunsmuir* v. *Coffey*, 148 Cal. 137, 140 [82 Pac. 682].) █ However, a judgment or order void on its face may be vacated on motion made at any time, or the court may, of its own motion, set it aside or disregard it, regardless of how the invalidity is brought to its attention. (*People* v. *Davis, supra; Reher* v. *Reed,* 166 Cal. 525, 528 [Ann. Cas. 1915C, 737, 137 Pac. 263].) █ A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll. (*People* v. *Davis, supra.*) █ It follows, therefore, that if the affidavit upon which the order directing publication of summons was had in this action fails, as urged by the appellant, to comply with the provisions of section 412 of the Code of Civil Procedure, the default judgment thereafter entered on such defective service would be void on its face, and the trial court at any time could have properly set it aside.

■ Should it be determined, however, that the affidavit fully satisfies the requirements of the code section, the judgment would not be void on its face, and the attempt of the court below to vacate it upon motion made more than a year after entry would be beyond the jurisdiction of the court, and the order purporting to vacate the judgment would occupy no better position than a judgment that is void upon its face, and, like such a judgment, would be assailable wherever and whenever it might be produced. (*People* v. *Davis, supra; Dunsmuir* v. *Coffey, supra*.) It is preliminarily essential, therefore, that the sufficiency of the affidavit be determined.

■ At the time of the filing of the affidavit in this cause, section 412 of the Code of Civil Procedure, so far as now material, authorized an order directing publication of summons when, in the absence of a verified complaint, it was made by affidavit to appear "that a cause of action exists against the defendant in respect to whom the service is made, or that he is a necessary or proper party to the action; or when it appears by such affidavit . . . that it is an action which relates to or the subject of which is real or personal property in this state, in which such person defendant or corporation defendant has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consists wholly or in part in excluding such person or corporation from any interest therein . . . " The section reads in the disjunctive, and an affidavit showing the existence of any one of the several conditions therein mentioned fully satisfies the statutory requirements. (*Brown* v. *Sandell*, 79 Cal. App. 313, 317 [249 Pac. 209].) ■ The affidavit filed herein avers, among other things: "That said action is an action brought by the said plaintiff against the said defendants to quiet the title of plaintiff in and to certain real property described in the complaint on file herein, situated in Modoc County, State of California, and affiant states that he is informed and believes that said defendant, Mrs. E. R. Clapp, claims some interest in said real estate, and affiant further states that said action is brought for the purpose of excluding said defendant, Mrs. E. R. Clapp, from any interest in said real property, and that said defendant, Mrs. E. R. Clapp, is a necessary and proper party to said action."

That the action relates to adverse interests in certain real property situate in this state, and has as its object and purpose the exclusion of appellant from any interest in such real property, is readily apparent from the quoted portion of the affidavit. This, in our opinion, fully satisfies the statutory requirements. (*Brown* v. *Sandell, supra.*) Appellant cites *People* v. *Mulcahy,* 159 Cal. 34 [112 Pac. 853], in support of her contention touching the asserted insufficiency of the affidavit. The case of *Brown* v. *Sandell, supra,* wherein a hearing in this court was denied, has this to say in regard to the Mulcahy case: ''An examination of the opinion, however, clearly discloses that the Supreme Court did not have before it the amendment to section 412 of the Code of Civil Procedure, which included the provisions relating to causes involving adverse claims to property such as we have here. There is nothing in the Mulcahy decision which covers the point to which it is cited, and it is, therefore, not authority upon that proposition. The terms of the statute are plain that either the verified complaint or the affidavit must show the existence of one of the conditions mentioned in section 412 of the Code of Civil Procedure, and as the affidavit here in question clearly disclosed that the action involved adverse claims to real property in this state, it was sufficient within the terms of that section.''

It must be concluded, therefore, that the affidavit filed in this case was sufficient, and the judgment thereafter entered valid on its face. ■ The order of August 20, 1923, purporting to vacate the judgment more than two years after entry was, therefore, void, and the trial court, upon having its attention called to its improper exercise of jurisdiction, had no alternative but to disregard such void vacating order and, upon denial of appellant's motion to vacate, quite properly proceeded to adjudge title and right of possession to be in the substituted plaintiffs.

■ The dismissal of the original plaintiff's appeal from the void order of August 20, 1923, for failure to file a transcript, imparted no validity to that order which otherwise it did not possess. (*Sullivan* v. *Gage,* 145 Cal. 759, 770, 771 [79 Pac. 537].)

■ In response to a suggestion thrown out by appellant's closing brief, that extrinsic fraud had been practiced in securing the entry of the default judgment in 1921, it

may be said that fraud was not urged by her upon the motion to vacate, and may not, therefore, be availed of for the first time upon this appeal.

The order or "judgment" appealed from is affirmed.