Filed 7/24/13  Myers v. Munoz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| FRANK MYERS,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTINA MUNOZ,<br><br>        Defendant and Appellant. | A137556<br><br>(Marin County<br>Super. Ct. No. CIV 1005608) |

**I.**

**INTRODUCTION**

Appellant and defendant Christina Munoz (Munoz) appeals from a trial court order denying her motion to set aside a default judgment brought under Code of Civil Procedure sections 473, subdivision (d), and 473.5.[1]  The judgment was entered in favor of respondent and plaintiff Frank Myers (Myers) in the amount of $37,234.50.  Munoz's motion to set aside the judgment was based on her allegation that she was never served with Myers's lawsuit.  We conclude the trial court did not err or abuse its discretion in denying Munoz's motion to set aside the judgment because the motion was not timely filed.  Therefore, we affirm the ruling and resultant judgment.

_____

        [1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

1

## II.

## PROCEDURAL HISTORY

A complaint was filed by Myers in Marin County Superior Court on October 22, 2010, using Judicial Council form PLD-C-001, alleging that Munoz had defaulted in making payments as required by a promissory note and security agreement entered into between the parties, who are former spouses.  The complaint alleged that more than $30,000 was due and owing pursuant to that agreement.

"Proof of Service Summons" using Judicial Council form POS-010 was filed by Myers's counsel on January 13, 2011.  The pleading indicated that service of the summons, complaint, and related documents was made on November 4, 2010, by Richard Snell, a California registered process server.  Snell effected service by substitute service of a female occupant of 1555 Briarfield Place, Santa Rosa, California, who refused to identify herself.  In his declaration which accompanied the proof of service, Snell stated that he attempted to personally serve the summons, complaint, and related documents at that address on five prior occasions between October 27 and November 4, 2010, without success.  Snell declared under penalty of perjury that at 7:40 p.m. on November 4, 2010, service of process occurred as follows:

"Sub-serve.  Lights were on with activity inside [1555 Briarfield Place].  Female came to front window.  I showed her the papers and asked for the subject.  She refused to open the door.  I told her the nature of the papers, and drop served.  There was a gold Lincoln Continental in the driveway.  Lic #3PTX377."  Snell described the person who refused to identify herself ["Jane Doe"] as being a female, 50 years old "Hispanic," who had black hair and who weighed 160 pounds.

On January 13, 2011, Myers's counsel filed a request to have a default judgment entered, and judgment was entered by the court on January 28, 2011.

More than 17 months later, on August 3, 2012, Munoz filed a motion to set aside the default judgment.  The motion was made under both sections 473, subdivision (d), and 473.5, and alleged that no proper service of the summons and complaint had been

made on Munoz, and that she lacked actual knowledge of the proceedings brought against her by Myers.

Munoz and her adult daughter Morgen submitted declarations supporting the motion. They explained that during October and November 2010 (when process allegedly was served), they spent much of their time with Munoz's sick mother in both Walnut Creek and Sutter Creek, California. During that timeframe, Munoz spent very little time at the Briarfield address. Munoz left the United States for Germany on December 6, 2010, where she then stayed for several months. Munoz asserted that she did not learn of the default judgment until her counsel in another case filed in Sonoma County was served with a notice of lien.

During her trip to Europe, Munoz hired someone named "Claudia" to feed her pets and check on her mail. Claudia never mentioned receiving the court papers, and Munoz denied having received any such documents in the mail before she left.

Munoz further denied being "Hispanic," and stated that the physical description of the person observed in her home by Snell did not match her, nor did it match anyone who she knew. No one was authorized to be in her home while she was absent. A neighbor named "Jean" had a key to Munoz's house, but she was a blonde and much shorter than the person described by Snell. Munoz acknowledged that the vehicle identified by Snell as being in her driveway was, in fact, her mother's car, which was being "stored" there long before November 2010.

The opposition filed by Myers was supported by a declaration by Snell, who confirmed that he had been a registered California process server for over 20 years. He described the events of November 4, 2010, when he went to Munoz's home. After ringing the door bell, a woman appeared in the front window who appeared to be a "competent member of the household," not a "worker or a burglar." She was "well over" 18 years old. Snell asked her if Munoz was home. The woman refused to let Snell in the residence. He showed the woman the summons and complaint he was carrying, and shouted to her that he was leaving the papers at the front door. Before he left, he told the

woman that if she was not Ms. Munoz she should please see that Munoz received the papers. He then sent copies of the papers to the same address by mail.

Myers's counsel also filed a declaration in opposition to the motion. Counsel indicated that, in addition to the actions taken by Snell to effect "sub-serv[ice]," counsel also sent a letter enclosing a copy of the summons and complaint to Munoz on December 7, 2010. Thereafter, counsel sent a notice of request for entry of default judgment by mail to the Briarfield address on both January 4 and 13, 2011. When the default judgment was obtained, it was sent on January 31, 2011. A notice of lien was filed in Sonoma County and sent to Munoz's counsel on March 1, 2012. The notice of lien referenced the default judgment that had been entered in favor of Myers for $37,234.50.

A hearing on Munoz's motion to set aside the judgment was held on November 9, 2012, and the motion denied the same day, without a statement of reasons.[2]

## III.

## ANALYSIS

Preliminarily, we note that a motion to set aside a default judgment falls within the discretion of the trial court and absent a clear showing of abuse the lower court's determination will not be reversed. (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318-1319; see *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.)

Munoz filed her motion for relief from default under both section 473 subdivision (d), and section 473.5. Pursuant to section 473.5, subdivision (a): "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and

---

[2] The transcript of the hearing on the motion alludes to a "lengthy and detailed" tentative ruling explaining the trial court's intended reasoning in denying the motion. However, that tentative ruling apparently was not transcribed and is not part of the record on appeal.

4

filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

Relief from default may also be awarded under section 473, subdivision (d), which provides that "[t]he court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." "Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service. [Citations.]" (*Ellard v. Conway*, *supra*, 94 Cal.App.4th at p. 544.)

Myers asserts that Munoz's motion for relief from the default judgment was untimely as it was "made nearly five months after she concedes she had actual notice of the judgment and well beyond 180 days from the time the judgment was entered and notice of same was given." He also claims the trial court did not abuse its discretion in concluding the service was proper because "[t]he trial court was entitled to believe and find credible the proof of service, declaration and statements by Mr. Snell . . . [attesting to] his diligent efforts to serve the summons and complaint."

We conclude the trial court did not abuse its discretion in denying Munoz's motion for relief from the default judgment on the ground that it was untimely.[3] As noted above, Myers's counsel sent a notice of request for entry of default judgment by mail to the Briarfield address on both January 4 and 13, 2011. When the default judgment was obtained, this document also was sent to the Briarfield address on January 31, 2011. Munoz's motion for relief was not filed until August 3, 2012, long after the 180 days specified in section 473.5, subdivision (a)(ii) had expired. (*Trackman v. Kenney* (2010)

---

[3] Again, while the record is not entirely clear, the transcript of the November 9, 2012 hearing implies that untimeliness was indeed one of the grounds stated in the tentative ruling for denying the motion.

187 Cal.App.4th 175, 180.) Therefore, on that basis alone, Munoz's motion for relief from default based on section 473.5 was properly denied as untimely.

Munoz argues that, even if the motion under section 473.5 was governed by the 180-day time limit, the motion under section 473, subdivision (d) was not. The only case cited close to being on point is *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426 (*Dill*). In that case, the court held that a motion under section 473 could be made within a reasonable time and up to two years after entry of judgment if the service of process was void on its face. (*Dill*, at p. 1444.) However, to fall under the two-year maximum time window for vacating a "void" judgment, the defect must appear on the face of the judgment; that is, where the " 'invalidity is apparent upon an inspection of the judgment-roll.'. . ." (*Id.* at p. 1441, quoting *Morgan v. Clapp* (1929) 207 Cal. 221, 224.)

Absent a facially void judgment, "[w]here a party moves under section 473, subdivision (d) to set aside 'a judgment that, though valid on its face, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment' provided by section 473.5, that is, the two-year outer limit. [Citations.]" *Trackman v. Kenney*, *supra*, 187 Cal.App.4th at p. 180.)

Therefore, as in the case of Munoz's motion brought under section 473.5, her motion under section 473 is likewise untimely because there is nothing on the face of the judgment supporting the argument that it was void within the meaning of this latter statute.

There is yet another reason for affirming the trial court's decision to deny Munoz's motion. In making the motion, the burden was on Munoz to show that due diligence was exercised in bringing a motion. This antecedent for relief after actual notice has been received is a requirement independent of the statutory deadlines for bringing the motion. (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1183-1185; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 624-626 (*Kendall*).) California courts have held that "[u]nexplained delays of more than three months in seeking relief from default after knowledge of its entry generally result in denial of relief. [Citations.]" (*Kendall*, at p. 625.)

6

The court in *Kendall* explained: " 'The moving party has a double burden: He [*sic*] must show a satisfactory excuse for his [*sic*] default, and he [*sic*] must show diligence in making the motion after discovery of the default.' [Citation.]" (*Kendall*, *supra*, 197 Cal.App.3d at pp. 624-625, italics omitted.) The court held that the defendant in that case had failed to show due diligence when the defendant's attorney learned, six months before filing the motion to relief, that the defendant had been served. (*Id*. at p. 625.)

Indeed, when a party fails to show an adequate excuse for delay in bringing the motion, it is an abuse of discretion for the trial court to grant relief. (*Benjamin v. Dalmo Mfg. Co*. (1948) 31 Cal.2d 523, 531-532 [abuse of discretion to grant motion under § 473 when the defendant's attorney delayed more than three months in filing the motion after learning of default and provided no explanation for the delay]; see also *Stafford v. Mach*, *supra*, 64 Cal.App.4th at pp. 1183-1185 [defendant failed to establish diligence when it delayed in bringing motion for relief for four and one-half months after becoming aware of default judgment, and "[t]he record [was] devoid of any evidence justifying such a long delay"]; *Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1019 [when the defendant failed to provide any explanation for four-month delay in bringing a motion for relief, "the court could not excuse and set the default aside as it was not empowered to dispense with the 'reasonable time' requirement"].)

The record in this case shows that legal counsel for both Munoz and Myers communicated during March 2012 about the existence of the default judgment. Yet, there is no explanation in the trial court record before us why Munoz waited an additional five months before filing her motion for relief from default judgment in August 2012. Therefore, under applicable case precedents, not only was there no abuse of discretion to deny Munoz's motion to vacate the default judgment, but in the absence of any adequate explanation for the five-month delay in bring the motion, it would have been an abuse of discretion had the trial court granted it.

## IV.

## DISPOSITION

The trial court's order denying Munoz relief under sections 473, subdivision (d), and 473.5 is affirmed. Myers is awarded his costs on appeal.


_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
RIVERA, J.