Filed 2/18/16  Portfolio Recovery Assoc. v. Essien CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATIONS, | B259600 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LC092664) |
| v. | |
| ARCHIBONG U. ESSIEN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Legal Recovery Law Offices, Andrew Rundquist and John Michael Goodman for Plaintiff and Respondent.

Law Offices of Ian Chowdhury and Ian D. Chowdhury; Consumer Law Office of Robert Stempler and Robert Stempler for Defendant and Appellant.

———————————————

Defendant and appellant Archibong Essien (Essien) appeals a postjudgment order denying his motion to set aside a $38,420.82 default judgment obtained by plaintiff and respondent Portfolio Recovery Associates, LLC (Portfolio).

The essential issue presented is whether the trial court erred in denying relief on the ground Essien did not seek relief within two years of the entry of the default judgment.

Because the default judgment is not facially void, the motion to set aside the judgment is barred by the two-year outer limit applicable to a motion brought under Code of Civil Procedure section 473, subdivision (d).[1]  (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180-181 (*Trackman*).)  Therefore, the order denying Essien relief from the default judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Proceedings leading to entry of default judgment on the complaint.*

On February 9, 2011, Portfolio, as the assignee of the original creditor, filed suit against Essien for breach of contract and account stated, seeking a balance due of $35,069.30 plus interest.

Following three attempts to serve Essien personally, the proof of service shows that on February 16, 2011, Essien was served by substituted service at 5669 Como Circle in Woodland Hills.  The documents were left with "John Essien, Brother, A black male approx. 35-40 years of age 5'8"-5'10" in height weighing 140-160 lbs. with salt & pepper hair," as a competent member of the household at Essien's "dwelling house or usual place of abode."

On May 2, 2011, Portfolio obtained entry of Essien's default, followed by entry of a default judgment on August 17, 2011, in the sum of $38,420.82.  There is no indication that Essien was served with notice of entry of judgment.

---

[1]  All further statutory references are to the Code of Civil Procedure.

2. *Essien's motion to vacate the default judgment.*

On April 16, 2014, Essien, in propria persona, filed a motion to vacate the default judgment pursuant to section 473.[2] Essien's motion raised the following grounds: he did not receive the summons and notice of the lawsuit; Portfolio allegedly used the wrong address to give him notice; Portfolio was "lying to the court" about giving him notice; he can provide proof that the proof of service was false; he would have prevailed had he been given proper notice; and he disputed the amount of the debt. He also sought to stay execution of the judgment on the grounds that he would suffer a hardship and because the judgment should be vacated.[3]

In opposition, Portfolio contended the motion should be denied because it was not in proper form and Essien had not presented any evidence to refute the presumption of proper service.

The motion was initially heard on July 25, 2014, at which time the trial court continued the matter to August 22, 2014, to allow Essien " 'to demonstrate that he was not served with the summons and complaint.' "

Thereafter, Essien filed a declaration asserting, inter alia: he did not reside at the Como Circle address at the time of service; his residential address at the time of service was 22145 Burbank Boulevard, #6; he first learned of the lawsuit when he received the writ of execution on March 7, 2014; the debt was not his; and the John Essien referenced in the proof of service "is an imaginary person and does not exist." In support, Essien submitted a copy of his driver's license, signed on July 2, 2009, with an expiration date of July 10, 2014, showing the Burbank Boulevard address; copies of his gas bills, DWP bills, and DirecTV bills for the relevant period, addressed to Essien at the Burbank

---

[2] Essien's motion did not specify any particular subdivision of section 473.

[3] We note that the clerk's transcript also shows that on April 16, 2014, Essien filed a request for a fee waiver, listing his address as 5669 Como Circle in Woodland Hills, matching the address shown on the proof of service filed February 18, 2011.

3

Boulevard address; and a property profile record for the Burbank Boulevard address showing Essien's ownership thereof.

On August 22, 2014, the matter came back on for hearing. There was no live testimony. After hearing the parties' arguments, the trial court adopted its tentative ruling as the final ruling in the matter.

The trial court found in relevant part: "Essien has demonstrated that he resided at the Burbank Blvd. address on the date of service to the court's satisfaction. [¶] The problem for Essien is that relief under CCP [§] 473(b) is limited to 6 months after judgment is entered. The motion in this case was made more than 6 months after judgment was entered. [¶] Essien did not seek relief under CCP § 473.5 but it is worth discussing also. That section affords relief where the defendant never got actual notice of the lawsuit despite proper service. Relief under that statute is available for the earlier of up to two years after the default judgment was entered or 180 days after notice of entry of default judgment was served on the defendant. Here, there is no proof that notice of entry of default judgment was served on the defendant. [¶] Default judgment was entered on August 17, 2011. The moving party would therefore have had until August 17, 2013 to seek relief. The motion to vacate in this matter was originally made on April 16, 2014, which is outside the limitation. For these reasons the court cannot grant the relief the defendant seeks."

Essien filed a timely notice of appeal from the order denying his motion to vacate the default judgment under section 473.[4]

## CONTENTIONS

Essien contends: the time limits prescribed by section 473.5 "or elsewhere" should not preclude a trial court from vacating a default and default judgment, where the defendant was never validly served with legal process and was not notified of the lawsuit

---

[4] An order denying a statutory motion to vacate a judgment pursuant to section 473 is appealable as an order after judgment. (§ 904.1, subd. (a)(2); 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 200, pp. 275-276.)

4

or the judgment until three years after the fact; and the trial court's refusal to vacate the default and default judgment, despite the trial court's finding that he was not properly served, amounts to a deprivation of federal due process and renders the court without fundamental jurisdiction.

## DISCUSSION

1. *Standard of appellate review.*

Generally speaking, a ruling on a motion to vacate a default and set aside a judgment under section 473 is reviewed under the deferential abuse of discretion standard. (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.)

Here, however, the issue before us is one of statutory interpretation -- whether the trial court had authority under section 473 to vacate the default judgment against Essien for lack of personal jurisdiction, more than two years after entry of the default judgment. The proper interpretation of a statute is a question of law that we review de novo. (*Union Bank of California v. Superior Court* (2004) 115 Cal.App.4th 484, 488.)

2. *Trial court properly denied Essien's motion for relief under section 473.*

*Trackman*, *supra*, 187 Cal.App.4th 175 explains the various avenues of relief from a default judgment available to a party who was not actually served with summons. (*Id*. at pp. 180-182.) As explained below, none of those statutory avenues provides a basis for relief in the instant case.

a. *Relief is unavailable under section 473.5 due to its two-year time limitation.*

We begin with section 473.5, which the trial court raised on its own motion as a potential ground for relief. Section 473.5 provides at subdivision (a): "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, *but in no event exceeding the earlier of: (i) two years after entry of a*

5

*default judgment against him or her*; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (Italics added.)

Section 473.5 does not afford Essien an avenue for relief because he moved for relief more than two years after entry of judgment.

        b. *Relief under section 473, subdivision (d) likewise is subject to a two-year outer limit where, as here, the default judgment is facially valid.*

Section 473, subdivision (d), states: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, *and may, on motion of either party after notice to the other party, set aside any void judgment or order*." (Italics added.)

Although section 473, subdivision (d), does not specify a time limitation on seeking relief, "[w]here a party moves under section 473, subdivision (d) to set aside 'a judgment that, *though valid on its face*, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment' provided by section 473.5, that is, the two-year outer limit. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 209, pp. 814–815 (Witkin); *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1120-1124; *Schenkel v. Resnik* (1994) 27 Cal.App.4th Supp. 1, 3-4; *Gibble v. Car-Lene Research, Inc*. (1998) 67 Cal.App.4th 295, 301, fn. 3.)" (*Trackman*, *supra*, 187 Cal.App.4th at p. 180.)

Unlike a default judgment that is *facially valid*, a default judgment that is *facially void* may be set aside at any time under section 473, subdivision (d). " 'A judgment or order that is invalid on the face of the record is subject to collateral attack. [Citation.] It follows that it may be set aside on motion, with no limit on the time within which the motion must be made.' (8 Witkin, *supra*, § 207, p. 812.) This does not hinge on evidence: A void judgment's invalidity appears on the *face of the record*, including the proof of service. (See *Morgan v. Clapp* (1929) 207 Cal. 221, 224-225; *Cruz v. Fagor America, Inc*. (2007) 146 Cal.App.4th 488, 496.)" (*Trackman*, *supra*, 187 Cal.App.4th at p. 181, italics in original.)

6

In the instant case, the default judgment is not facially void. Rather, the default judgment's alleged invalidity hinges on Essien's extrinsic evidence, specifically: a copy of his driver's license, signed on July 2, 2009, with an expiration date of July 10, 2014, showing a Burbank Boulevard address; copies of his gas bills, DWP bills, and DirecTV bills for the relevant period, addressed to Essien at the Burbank Boulevard address; and a property profile record for the Burbank Boulevard address showing Essien's ownership thereof.

Because the default judgment is valid on its face, Essien could only seek relief under section 473, subdivision (d), within two years of entry of the judgment. (*Trackman*, *supra*, 187 Cal.App.4th at p. 180.) Having not done so, Essien is ineligible for relief under section 473, subdivision (d).

c. *Essien is not entitled to relief on the basis of extrinsic fraud.*

Where a motion seeking relief from a default judgment asserts extrinsic fraud, such as a falsified proof of service, the motion for relief may be brought *at any time*, provided the party acts with diligence upon learning of the relevant facts. (*Trackman*, *supra*, 187 Cal.App.4th at p. 181.)

Essien raised the issue of extrinsic fraud below. His moving declaration asserted the proof of service was false and that Portfolio "is lying to the court about giving me notice." In a supplemental declaration, he stated "The 'John Essien' [the individual who was served at Como Circle by substituted service] referenced in the plaintiff's proof of service is an imaginary person and does not exist."

Although the trial court found that Essien had demonstrated to the court's satisfaction that he resided at the Burbank Boulevard address on the date in question, rather than at Como Circle, the trial court denied Essien's motion in its entirety. Thus, the trial court impliedly rejected Essien's claim of extrinsic fraud. Although the trial court did not make an express finding on Essien's claim of extrinsic fraud, the doctrine of implied findings requires the appellate court to infer the trial court made all factual

7

findings necessary to support its decision. (*Fladeboe v. American Isuzu Motors Inc*. (2007) 150 Cal.App.4th 42, 58.)

Moreover, on appeal, Essien does not argue the trial court erred with respect to its credibility determinations or that it should have ruled in his favor on the ground of extrinsic fraud.

In view of all the above, the trial court properly denied Essien's motion to vacate the default judgment under section 473.

3. *No merit to claim of due process violation*.

Essien asserts the trial court's refusal to grant relief under section 473, in the face of its finding that he did not reside at the Como Circle address, amounts to a deprivation of due process.[5] The contention is unavailing.

The two-year time limit applies only to challenges in the main action brought under section 473. A litigant may still bring an independent action to set aside a judgment that is void for lack of personal jurisdiction due to invalid service. (*Dill v. Berquist Construction Co*. (1994) 24 Cal.App.4th 1426, 1444; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228-1229 (*Gorham*); 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 209, pp. 814-815; Weil & Brown et al., Cal. Prac. Guide: Civ. Pro. Before Trial (The Rutter Group 2015) § 5:493, p. 5-133; see, e.g. *Gorham*, *supra*, at pp. 1221, 1230 [trial court erred in denying equitable relief where defendant was incarcerated at the time he was said to have been served and court found proof of service was false].)

Because California affords an alternative remedy in the event the two-year time limit of section 473, subdivision (d) has expired, we perceive no due process violation.[6]

---

[5] As noted, the trial court specifically found "Essien has demonstrated that he resided at the Burbank Blvd address on the date of service to the court's satisfaction."

[6] We express no opinion as to the viability of an independent action by Essien for equitable relief.

8

**DISPOSITION**

The order denying Essien's motion to vacate the default judgment under section 473 is affirmed. Portfolio shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.

9